Virginia A. MADDUX, Appellant,

v.

M.H. HALIPOTO, Appellee.

No. A14–87–136–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 12, 1987.

John W. Donovan, Houston, for appellant.

Keith S. Dubanevich, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

ROBERTSON, Justice.

The trial court granted summary judgment in favor of appellee on the basis that suit was barred by limitation. The issue before us is whether suit was barred as a matter of law. We affirm.

On August 18, 1983, appellant obtained the services of Dr. Halipoto (appellee) for her prenatal care. On December 19, 1983, appellant prematurely gave birth at Houston Northwest Medical Hospital to a son who died soon thereafter. Dr. Halipoto was not in attendance when she gave birth and, in fact, had not seen appellant since December 1, 1983, which was the last day he treated her. On November 25, 1985, pursuant to Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01(a) (Vernon 1979), appellant sent a notice of claim letter to Northwest Medical Hospital (Northwest Medical). No notice of claim letter was sent to appellee. On March 3, 1986, appellant filed a medical malpractice action against appellee, Northwest Medical, and another doctor for the premature birth and death of her child. Northwest Medical and the other doctor who was the attending physician at the birth of appellant's child were later nonsuited. Appellee's motion for summary judgment, alleging the defense of limitations, was granted.

Under appellant's second point of error, she claims that summary judgment was improper because the statute of limitations had not expired as a matter of law on plaintiff's cause of action. The applicable period of limitation for a medical malpractice action is two years. Tex.Rev.Civ.Stat. Ann. art. 4590i, § 10.01 (Vernon 1979). Appellant recognizes that this two-year statute of limitations would bar her cause of action; however, she claims that by mailing her notice letter to Northwest Medical on November 25, 1985, the limitations period was tolled for another 75 days pursuant to Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01(c) (Vernon 1979) which provides:

> Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

Appellant claims that she correctly filed her suit within that 75–day period after the initial two-year limitations period by filing her suit on March 3, 1986. We do not agree.

The statute of limitations for a medical malpractice cause of action begins to run from the date of the occurrence of the breach or tort or from the date of completion of the medical or health care treatment or hospitalization. *Morrison v. Chan*, 668 S.W.2d 483, 485 (Tex.App.–Fort Worth 1984), *aff'd*, 699 S.W.2d 205 (Tex.1985). *See also Kimball v. Brothers*, 741 S.W.2d 370 (Tex.1987); Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01(Vernon 1979). The last date on which appellee could have committed a tort leading up to the premature birth and death of the child was December 1, 1983, the last day on which appellee saw the appellant before the premature birth of her son. Appellant has made no claim of wrongdoing on the part of appellee after the date of December 19; therefore the statute of limitations could not have begun to run past that date. The last date on which "the medical or health care treatment that [was] the subject of the claim or the hospitalization for which the claim [was] made" could have been completed here was December 1, 1983. *See* Tex.Rev. Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon 1979). The fact that any wrongdoing did not become evident until December 19 would not cause the statute to begin to run on that date since appellant still had more than enough time within the two-year limitations period to file her suit. *See Morrison v. Chan*, 699 S.W.2d 205, 208 (Tex. 1985).

However, even assuming the statute of limitations began to run on December 19, 1983, appellant has still failed to comply with § 4.01(a) which states:

> Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, *to each physician or health care provider against whom such claim is being made* at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01(a) (Vernon 1979) (emphasis added). Appellant sent her notice of claim letter only to Northwest Medical. No notice letter was sent to appellee. The language of the statute is mandatory and requires that notice must be given to *each* physician or health care provider against whom a claim is made. *See also Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934, 938 (Tex. 1983). Since no notice of claim letter was sent to appellee, the statute of limitations was not tolled, and appellant filed her cause of action outside the required two-year limitations period. Appellant's second point of error is overruled.

Under her first point of error, appellant challenges the summary judgment generally. No other genuine issues of material fact were brought up to defeat appellee's defense of limitations. Therefore, appellee's claim that appellant's cause of action was barred by the two-year statute of limitations, and the accompanying summary judgment evidence, are sufficient to support the summary judgment. *See Klafehn v. Fain*, 643 S.W.2d 227, 228 (Tex.App.–Fort Worth 1982, writ ref'd n.r.e.). Appellant's first point of error is overruled.

The judgment is affirmed.