Kevin RHODES, Appellant,

v.

Robert F. McCARRON, M.D., Appellee.

No. 07-88-0069-CV.

Court of Appeals of Texas,
Amarillo.

Dec. 27, 1988.

Rehearing Denied Jan. 20, 1989.

Gary A. Goff, Levelland, for appellant.

D. Thomas Johnson, Ann Manning, McWhorter, Cobb & Johnson, Lubbock, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

The medical malpractice action initiated by Kevin Rhodes against Dr. Robert F. McCarron was terminated by a summary judgment dismissal. The judgment was rendered following the granting of the doctor's motion therefor grounded upon the statute of limitations. Rhodes has appealed on six points of error. We will reform and affirm.

Admitted to the hospital because of injuries sustained in an automobile accident, Rhodes underwent surgery on 28 July 1984. Doctor McCarron, as supervising physician, oversaw the surgery to repair a laceration of Rhodes' right knee and a fracture of his right ankle. Rhodes was discharged from the hospital on 4 August 1984.

Subsequently, Rhodes received post-operative care and therapy from other physicians. On 14 August 1985, Rhodes discovered, by means of X-rays, that fractures of his right foot sustained in the automobile accident were neither diagnosed nor treated while he was hospitalized.

On 17 September 1985, Rhodes sent notice of a health care liability claim to Drs. David M. Hampton, Marc Wimpee, and Paul Meriwether. The notice of claim was sent in obedience to the notice requirement prescribed by the Medical Liability and Insurance Improvement Act of Texas, to-wit:

**520**

(a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

(b) In such pleadings as are subsequently filed in any court, each party shall state that it has fully complied with the provisions of this section and shall provide such evidence thereof as the judge of the court may require to determine if the provisions of this Act have been met.

(c) Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 4.01 (Vernon Supp.1988).

The statute of limitations made applicable by the Act is stated in this language:

Notwithstanding any other law, no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided, this subchapter applies to all persons regardless of minority or other legal disability.

Tex.Rev.Civ.Stat.Ann. art. 4590i, § 10.01 (Vernon Supp.1988).

Thereafter on 15 April 1986, Rhodes filed suit against the three doctors to whom his 17 September 1985 notice of claim had been sent. As a result of discovery proceedings,

Rhodes learned in late August, 1986 of Dr. McCarron's participation in his surgery.

On 2 September 1986, a notice of claim letter was sent to Dr. McCarron. The following November 12th, Rhodes filed his first amended original petition naming, among others, Dr. McCarron as one of those against whom he asserted a health care liability claim.

After filing his original answer, which included the affirmative defense that Rhodes' claim was barred by the Act's section 10.01 [1] statute of limitations, Dr. McCarron moved for summary judgment. His motion, based on the pleadings and his affidavit, set forth the ground that the applicable statute of limitations barred Rhodes' suit. By elaboration, the doctor submitted that the suit was barred no later than 4 August 1986, two years after his treatment of Rhodes was completed on 4 August 1984, when Rhodes was dismissed from the hospital. The doctor prayed for a dismissal of Rhodes' suit with prejudice.

Rhodes responded to the doctor's motion for summary judgment by filing an answer and his affidavit. In his answer, Rhodes, contending that the doctor had not established his entitlement to summary judgment, first took issue with the doctor's affirmative defense of limitations. In doing so, he alleged that, among other matters, his 17 September 1985 notice of claim tolled the statute of limitations for 75 days to 18 October 1986, thereby making timely his 2 September 1986 statutory notice to the doctor. He further alleged that he complied with the Act by his filing on 15 April 1986 since the doctor failed to introduce summary judgment evidence negating the tolling of the statute by his absence from the state.

Next, Rhodes alleged that genuine issues of material fact, which he specified, precluded the granting of summary judgment in favor of the doctor. And last, Rhodes alleged that the section 10.01 statute of limitations was ineffective in his cause since it would deny him access to an open

---

1. This and any subsequent reference to a section is, unless otherwise denoted, a reference to that section of Article 4590i, Texas Revised Civil Statutes Annotated (Vernon Supp.1988), the Medical Liability and Insurance Improvement Act of Texas.

court provided in Article I, Section 13 of the Constitution of the State of Texas.

By his affidavit, Rhodes recounted the events following the automobile accident. He stated that he did not recall anything from the wreck until he awoke in the hospital on 30 July 1984, and that he did not recall Dr. McCarron's name as having any significance until the answers to the interrogatories sent to the doctor's co-defendants were received in late August, 1986.

The trial court heard and granted Dr. McCarron's motion for summary judgment, thereby necessarily sustaining the plea of limitations upon which the motion was solely grounded. Tex.R.Civ.P. 166a(c) (Vernon Supp.1988). The court rendered summary judgment decreeing that Rhodes' cause of action against the doctor is dismissed. Then, the court ordered that Rhodes' claims against the doctor be severed, making the summary judgment final and appealable. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984).

■ At the outset, and before considering Rhodes' points of error, we observe that Dr. McCarron pleaded for, and obtained, a summary judgment of dismissal upon the sustention of his pleaded defense of the section 10.01 statute of limitations. This pleaded affirmative defense is a plea in bar which, when sustained, requires a take-nothing judgment. *Texas Highway Department v. Jarrell,* 418 S.W.2d 486, 488 (Tex.1967). It follows that if Dr. McCarron was entitled to summary judgment on his plea, the judgment of dismissal rendered by the trial court should be reformed to decree that Rhodes take nothing by his action against the doctor, *Whelan v. Killingsworth,* 537 S.W.2d 785, 787 (Tex. Civ.App.—Texarkana 1976, no writ); *Heibel v. Bermann,* 407 S.W.2d 945, 947 (Tex. Civ.App.—Houston 1966, no writ), the judgment the trial court should have rendered. Tex.R.App.P. 80(b).

Initially, Rhodes contends, and Dr. McCarron disputes, that the action filed against the doctor was timely. Rhodes takes the position that even if 28 July 1984, the date of the surgery, is accepted as the date the section 10.01 two-year limitations period commenced, his 17 September 1985 notice of claim against Dr. McCarron's co-defendants tolled the statute for a period of 75 days, which enlarged the limitations period to 11 October 1986. Before that date, he discovered Dr. McCarron's involvement and sent him a notice of claim on 2 September 1986. Since the section 4.01(a) requirement that notice be given at least 60 days before suit is filed on the claim is mandatory, *Schepps v. Presbyterian Hosp. of Dallas,* 652 S.W.2d 934, 938 (Tex.1983), the notice given to the doctor, by operation of section 4.01(c), tolled the running of limitations for 75 additional days, during which he timely filed his suit on 12 November 1986. The position is not well-taken.

Were Rhodes' reasoning followed to its logical conclusion, the result would be that a claimant asserting health care liability claims against multiple parties could, by carefully spacing a separate notice of claim to each party, extend the two-year limitations period for as many additional 75–day periods as there eventually were party-defendants. This result was neither intended nor provided for by the Legislature.

■ It must be noticed that in enacting section 10.01 with an accommodation for the claims of children under 12 years of age, the Legislature adopted an absolute two-year limitations period. *Kimball v. Brothers,* 741 S.W.2d 370, 372 (Tex.1987); *Morrison v. Chan,* 699 S.W.2d 205, 208 (Tex.1985). Nevertheless, the Legislature, in furtherance of its effort to encourage pre-suit negotiations to avoid excessive cost of litigation by providing for a mandatory 60–day–before–suit notice in section 4.01(a), *Schepps v. Presbyterian Hosp. of Dallas,* 652 S.W.2d at 937–38, contemporaneously provided in section 4.01(c) that the notice shall toll the two-year limitations period for "75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties."[2]

---

**2.** Of course, the notice of claim must be given during the two-year limitations period; other-

wise, a suit filed after a late notice is barred by

In specifying the tolling, the Legislature, by not supplying a definition for the terms "all parties and potential parties," meant for the terms to have such meaning as is consistent with the common law. Sec. 1.03(b). Obviously, then, the Legislature meant the tolling of the two-year limitations period would apply to all who are actively concerned with the giving and receiving of the notice of claim, and to those who possibly will be, but are not at the time the notice is given, associated with the claim.

In this light, the Legislature provided that the two-year statute of limitations would be tolled as to all parties concerned and to be associated with the claim for only one 75–day period following the giving of the first notice of claim. We so hold. If, as Rhodes reasons, the Legislature had intended that the statute would be tolled for 75 days following each notice given to each health care provider, not only would it have been a simple matter for the Legislature to so state, but there would have been no reason to provide that the tolling applies to potential parties as well as to parties. Presuming, as we must, that the Legislature used the phrase "potential parties" for a purpose, *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981), the single purpose apparent is to limit the tolling to one 75–day period for all health care providers, whether known or unknown at the time the notice is given.

Still, Rhodes argues that our holding is at odds with the requirements of section 4.01(a) and (b) that notice of the claim must be given to each physician or health care provider at least 60 days before the suit is filed, and that when the suit is filed, the pleadings must state that there has been full compliance with the notice provision. The argued conflict is more apparent than real, and it has been effectively resolved.

■ The purpose of the Legislature in enacting the Medical Liability and Insurance Improvement Act was to alleviate a perceived medical malpractice insurance crisis. To accomplish its goals, the Legislature mandated a 60–day pre-suit notice of limitations. *Kimball v. Brothers*, 741 S.W.2d

claim to eliminate needless suits, and then adopted an absolute two-year limitations period within which a suit could be filed on a health care liability claim, *Kimball v. Brothers*, 741 S.W.2d at 372; *Morrison v. Chan*, 699 S.W.2d at 208, but with a provision for tolling the limitations period for, as we have held, one 75–day period. Sec. 4.01(c). The Legislature could have, but it did not, prescribe that a suit may not be filed if the required notice was not given; instead, the Legislature prescribed the limitations period within which the suit could be filed. Consequently, if the suit is filed within the limitations period, it may be maintained. In the event the required 60–day pre-suit notice of claim has not been given at the time the suit is filed within the limitations period, then, upon motion of defendant(s), the cause should be abated for 60 days. *Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d at 938. If the required notice has been given, but the giving of the notice is not pleaded as required by section 4.01(b), then the cause should be abated until the pleadings are conformed to meet the requirement. *Hutchinson v. Wood*, 657 S.W.2d 782, 783 (Tex.1983).

■ Given these understandings of the pertinent sections of the Act, we now resolve Rhodes' initial contention that his suit against Dr. McCarron was filed timely. As Dr. McCarron concedes, since Rhodes' claim against him embraces misdiagnosis and mistreatment, the two-year limitations period began on 4 August 1984, the date his health care treatment was completed upon Rhodes' discharge from the hospital. Sec. 10.01; *Kimball v. Brothers*, 741 S.W.2d at 372. The 17 September 1985 notice of claims Rhodes sent to Dr. McCarron's three co-defendant doctors served to toll the two-year statute of limitations for a period of 75 days as to them and to Dr. McCarron, a potential party. Sec. 4.01(c). Thus, the period of time within which Rhodes was required to file his suit against Dr. McCarron was two years and 75 days from 4 August 1984, *i.e.*, not later than 18 October 1986; otherwise, Rhodes would

370, 372 (Tex.1987).

suffer the bar of limitations upon the doctor's invocation of it as a defense. Secs. 4.01(c), 10.01. Since Rhodes did not file his suit against Dr. McCarron until 12 November 1986, his suit was not filed within the limitations period, thereby barring his recovery against the doctor. Sec. 4.01(c), 10.-01; *Kimball v. Brothers*, 741 S.W.2d at 372; *Morrison v. Chan*, 699 S.W.2d at 208.

■ Notwithstanding that he did not file his suit within the Act's limitations period, Rhodes presents five other contentions why his suit is not barred by the limitations period, thereby precluding summary judgment. He contends, with his second point, that there exists the material fact whether he had a reasonable opportunity to discover his injury at the hands of Dr. McCarron and bring suit. His contention is premised on his statement that the Supreme Court held in *Morrison v. Chan*, 699 S.W.2d at 207, "that Article 4590i involves a modified discovery rule which assures that a person must have a reasonable opportunity to discover the wrong and bring suit." However, Rhodes misstates the holding of the *Morrison* court.

At the referenced portion of the *Morrison* opinion, the court did not impose a modified discovery rule on section 10.01; rather, there, the court reviewed its decisions in particular medical malpractice cases where it held the section unconstitutional to the extent that in those cases it purported to cut off the litigant's cause of action before he had a reasonable opportunity to discover the wrong and bring suit. Indeed, in a later portion of the opinion, the court expressed its refusal to reinstate the discovery rule, holding that in enacting section 10.01, the Legislature intended to abolish the discovery rule in cases governed by the Act. 699 S.W.2d at 208.

Moreover, in *Morrison*, the court held that section 10.01, challenged as unconstitutional under the "open courts" provision of Article I, Section 13 of the Texas Constitution, was constitutionally applied because the injured party discovered her injury approximately eighteen months before the limitations period expired. 699 S.W.2d at 207. Since she failed to file suit within the

applicable period, the court held that her recovery was barred. 699 S.W.2d at 208.

Here, Rhodes discovered his injury one year into the two-year limitations period and more than fourteen months before limitations ran on his action against Dr. McCarron. Compatible with the *Morrison* court's holding, we hold that Rhodes' failure to file his suit against the doctor within the applicable period barred his recovery.

■ Rhodes recognizes that section 10.-01 has withstood constitutional challenges, *Morrison v. Chan*, 699 S.W.2d at 207; yet, he contends, with his third point, that the section is unconstitutional as applied in his cause, because it denies his right under the open courts provision by requiring the absolutely mandated notice of claim to Dr. McCarron to be ineffective to toll the running of the statute of limitations. Our resolution of his first two points of error sufficiently demonstrates that his third-point contention is ineffective to escape the bar of limitations.

■ Next, Rhodes contends, with the use of his fourth point, that there exists the material fact issue whether Dr. McCarron fraudulently concealed a negligent act or the fact that an injury had occurred. He asserts that because of the physician-patient relationship, Dr. McCarron had a duty to disclose to him the fact that his fractured foot had not been diagnosed or treated. The fraudulent concealment by the doctor, he argues, estops the doctor from relying on section 10.01, which has been held not to abolish fraudulent concealment as an affirmative defense to limitations under the statute. *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex.1983). Fraudulent concealment estops a defendant, with an undischarged duty of disclosure, from relying on limitations until the plaintiff learns or, through the exercise of reasonable diligence, should have learned of his right of action. *Id.*

■ Rhodes' reliance on fraudulent concealment is based solely on the physician-patient relationship. That relationship between Dr. McCarron and Rhodes terminated on 4 August 1984 when Rhodes was

released from the hospital. Although Rhodes also contends in his sixth point that there is a material fact issue whether the doctor's treatment responsibility continued until his injury was discovered on 14 August 1985, there is no summary judgment evidence in the appellate record that the relationship continued beyond 4 August 1984 or was later resumed. It has been said that under the intent of the Act, once the physician-patient relationship terminated, any duty the doctor was under to disclose the injury ceased to exist. *Borderlon v. Peck,* 661 S.W.2d at 910 (Barrow, J., dissenting). *Accord, McClung v. Johnson,* 620 S.W.2d 644, 647 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

Nonetheless, since Rhodes included in his response to the doctor's motion for summary judgment an allegation that the doctor had a duty to disclose the injury, Rhodes had the burden to support the allegation by proof raising a fact issue of fraudulent concealment if he were to avoid the defense of limitations. *Nichols v. Smith,* 507 S.W.2d 518, 520 (Tex.1974). In his affidavit accompanying his response, Rhodes does not make the necessary showing that Dr. McCarron had actual knowledge of the injury and a fixed purpose to conceal it. *Leeds v. Cooley,* 702 S.W.2d 213, 215 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Accordingly, Rhodes' fraudulent concealment contention cannot be sustained.

By his fifth point, Rhodes presents the contention that Dr. McCarron cannot rely on the section 10.01 limitations period because the doctor failed to introduce summary judgment evidence that his absence from the state did not toll the running of the limitations period. He suggests that Article 5537, Texas Revised Civil Statutes Annotated (Vernon 1958),[3] applies to toll the running of limitations during the doctor's absence from the state.

Aside from the fact that the appellate record submitted to us is devoid of any information showing that the doctor was absent from the state, it has been expressly held that the tolling provisions of article 5537, which were statutorily made inapplicable to medical malpractice claims, does not affect the two-year limitations period of section 10.01. *Hill v. Milani,* 686 S.W.2d 610, 611 (Tex.1985).

It follows that Rhodes has not overcome Dr. McCarron's establishment of the defense of limitations. All six of Rhodes' points of error are overruled.

The judgment is reformed to decree that Rhodes take nothing by his action against Dr. McCarron and, as reformed, the judgment is affirmed.

---

**3.** Article 5537 was repealed effective 1 September 1985, and its subject matter was enacted as section 16.063 of the Texas Civil Practice and Remedies Code (Vernon 1986). Act of June 16, 1985, ch. 959, §§ 1, 9, 1985 Tex.Gen.Laws, 3242, 3257 & 3322.