Diane Cox ROBERTS, Appellant,

v.

SOUTHWEST TEXAS METHODIST HOSPITAL, Appellee.

No. 04–90–00191–CV.

Court of Appeals of Texas, San Antonio.

Feb. 28, 1991.

Rehearing Denied June 5, 1991.

Second Rehearing Denied July 9, 1991.

## OPINION

PEEPLES, Justice.

Diane Roberts sued Southwest Texas Methodist Hospital and Dr. Peter Weston for negligence and battery. The hospital moved for summary judgment on the

grounds that the claim was barred by limitations and that it had no duty to obtain Roberts' informed consent. The trial court granted the motion and ordered a severance. Roberts argues that summary judgment was not authorized on the grounds urged in the motion. We reverse and remand.

Roberts was admitted to the hospital as an outpatient for a diagnostic laparoscopy and a dilation and curettage, to be performed by Dr. Weston. She consented to undergo a laparoscopy, laparotomy, dilation and curettage, and any other procedures which he, in his professional judgment, might deem necessary after the operation had begun. During surgery Dr. Weston determined that additional procedures were required. He instructed a hospital nurse to contact Roberts' mother to obtain her consent, even though Roberts was an adult. Roberts' mother gave permission and Dr. Weston removed Roberts' ovaries, fallopian tubes, uterus, and appendix.

Roberts was discharged from the hospital on February 18, 1987. She gave notice of her health care liability claim to Dr. Weston on February 13, 1989, but gave no notice to the hospital. She filed suit against both the doctor and the hospital on April 27, 1989. She alleged that Dr. Weston had performed procedures on her without her consent and that he was negligent in several ways, and that the hospital's nurses had aided and encouraged Weston in doing the unauthorized surgery.

■ The hospital's motion for summary judgment asserted two separate grounds: (1) that Roberts' claim against it was barred by limitations, and (2) that it had no duty to obtain Roberts' informed consent. Because the judgment does not specify the ground on which it was based, to obtain reversal Roberts must show that each ground alleged was insufficient to support it. *See Rogers v. Ricane Enterprises, Inc.,* 772 S.W.2d 76, 79 (Tex.1989). There is no suggestion in this appeal that Dr. Weston faced an emergency and could not obtain consent and remove the organs later.

I.

The limitations issue requires interpretation of two parts of the Medical Liability and Insurance Improvement Act. TEX. REV.CIV.STAT. ANN. art. 4590i (Vernon Supp.1991). Section 4.01 of the act states:

(a) Any person or his authorized agent asserting a health care liability claim *shall* give written notice of such claim by certified mail, return receipt requested, to *each physician or health care provider* against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

. . . . .

(c) Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, *and this tolling shall apply to all parties and potential parties.*

TEX.REV.CIV.STAT.ANN. art. 4590i, § 4.01 (Vernon Supp.1991) (emphasis added). The statute mandates notice to each defendant prior to the running of limitations, but extends the limitation period for 75 days for all potential parties if notice is given to any defendant.

■ Roberts sent a notice of claim to Dr. Weston on February 13, 1989, two years after her surgery, which tolled the statute of limitations (at least as to the doctor) for 75 days. *See id.* § 4.01(c). She filed suit against Weston and the hospital on April 27, 1989, more than 2 years after the surgery, but within 2 years and 75 days of it.

The hospital asserts that the notice to Dr. Weston did not toll the statute of limitations as to it because Roberts did not send it a notice of claim as required by § 4.01(a). It concludes that because she did not file suit within two years of her surgery, the statute of limitations bars her claim. Roberts replies that because she sent a timely notice of claim to Dr. Weston, § 4.01(c) tolled the statute of limitations as to both the doctor and the hospital.

Two Texas courts have addressed this issue. One has held that notice to a hospital does not toll limitations as to a doctor

because § 4.01(a) requires notice "to each physician or health care provider." *See Maddux v. Halipoto*, 742 S.W.2d 59 (Tex. App.—Houston [14th Dist.] 1987, no writ). *Maddux* did not cite or consider § 4.01(c), which says that notice tolls limitations for 75 days, and "this tolling shall apply to all parties and potential parties." A year after *Maddux* a second court considered both § 4.01(a) and § 4.01(c) and reached a different conclusion. In *Rhodes v. McCarron*, 763 S.W.2d 518 (Tex.App.—Amarillo 1988, writ denied), the plaintiff had sent timely notice to three defendant doctors. The court held that this entitled the plaintiff to an extra 75 days to sue a fourth doctor, but that the plaintiff could not tack on additional 75–day periods. The court concluded that notice to one defendant tolls the statute of limitations for a single 75–day period "for all health care providers, whether known or unknown at the time the notice is given." *Id.* at 522.

We believe that *Rhodes* correctly interpreted the statute. The hospital urges us to follow *Maddux* instead of *Rhodes* for several reasons. Limitations, it says, should be tolled only for *unknown* potential parties. In *Maddux* the plaintiff knew about the potential party; in *Rhodes* he did not. Roberts clearly knew where she had undergone surgery, and therefore the hospital says that she should have known to give it notice. This argument has considerable force, but the legislature did not see fit to enact it and we therefore cannot adopt it in the face of § 4.01(c).

■ The hospital also argues that the language in subsection (c)—"this tolling shall apply to all parties and potential parties"—originally pertained to a screening panel that was included in earlier drafts and should have been deleted when the screening panel concept was deleted. But we must interpret and enforce the wording of the act as the legislature passed it, not as it perhaps should have been worded. We must presume that each word in a statute was used for a purpose, and we cannot ignore language unless it is necessary to give effect to the legislature's clear

intent. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981).

We do not accept the hospital's suggestion that the *Rhodes* interpretation of § 4.01 will encourage claimants to notify defendants piecemeal, which would frustrate the statute's purpose of reducing malpractice claims by forcing the litigants to discuss them before filing suit. In any event the supreme court has held that this purpose is served adequately by abating the suit for 60 days, instead of dismissing it, when notice was not given. *Schepps v. Presbyterian Hosp.*, 652 S.W.2d 934, 938 (Tex.1983). We are bound by the *Schepps* holding.

We hold that notice to Dr. Weston tolled the statute of limitations for 75 days as to the hospital, that Roberts filed her suit within that extended period, and that even though she has never given notice to the hospital, under *Schepps* its only remedy is to have the suit abated.

II.

■ We cannot uphold the summary judgment on the second ground urged in the hospital's motion—that it had no duty to obtain Roberts' informed consent. Roberts did not plead lack of *informed* consent. She pleaded that Dr. Weston removed parts of her body without her consent—that is, that he committed a battery—not that he failed to inform her of the risks of surgery. The court could not have rested the summary judgment on this informed-consent ground because the argument was not responsive to Roberts' pleaded cause of action.

■ The hospital defends the judgment on two other grounds that were not properly presented to the trial court. It says that § 6.02 has abolished the cause of action for battery, and that as a matter of law its nurses did not aid and encourage a battery by Dr. Weston. We cannot consider these arguments because the hospital's motion did not mention them. A summary judgment can be upheld only on grounds that were expressly set forth in the written motion. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Authority*,

589 S.W.2d 671, 677 (Tex.1979). The hospital's motion did not address Roberts' allegations that its nurses aided and encouraged a battery, and it did not contend that § 6.02 eliminated the cause of action for battery. It did make these arguments later in a brief, but its *motion* said only that limitations barred the suit and that hospitals have no duty to give informed consent. Apart from limitations, the motion simply did not address the cause of action for battery. The trial court could not have granted summary judgment on grounds that were not included in the motion, and likewise we cannot uphold it on unstated grounds.

We reverse the judgment and remand the cause for further proceedings.

### ON APPELLEE'S MOTION
### FOR REHEARING

The hospital's motion for rehearing says that we required that its motion for summary judgment be too precise, and that if Roberts wanted to confine the hospital to the two grounds stated in its motion, she should have excepted to it. It is true that defects in summary judgment motions are comparable to other pleading defects. In 1978 the supreme court held that "the failure of a motion for summary judgment to specify grounds is a defect of form that is waived unless excepted to prior to rendition of judgment." *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 773 (Tex.1978). The court likened summary judgment motions to ordinary pleadings and applied the waiver provisions of rule 90 to them. *Id.*

But here the hospital's motion did not fail to specify grounds. It specified two grounds (limitations and no duty to obtain informed consent), and the hospital seeks now to uphold the judgment on two other grounds (that article 4590i, § 6.02 abolished the cause of action for battery and that as a matter of law its nurses did not aid and encourage the doctor). The *Westchester* rule was not meant to extend to this situation.

When a motion states no grounds, it suffers from a pleading defect and does not satisfy rule 166a. But that pleading defect is waived if it is not asserted in the trial court. TEX.R.CIV.P. 90; TEX. R.APP.P. 52(a); *University of Texas v. Joki*, 735 S.W.2d 505, 507 (Tex.App.—Austin 1987, writ denied); *C.S.R., Inc. v. Mobile Crane, Inc.*, 671 S.W.2d 638, 640–41 (Tex.App.—Corpus Christi 1984, no writ); *Inwood Forest Community Improvement Assoc. v. R.J.S. Dev. Co.*, 630 S.W.2d 751, 753 (Tex.App.—Houston [1st Dist.] 1982, no writ). In contrast, a motion that states certain grounds but not others is not defective as a matter of pleading, and the respondent need not except to it. One who is sued on two specific theories of recovery has no duty to except to the petition and ask whether there are other theories that the pleader wants to allege. The same thing is true of summary judgment motions.

We note that the version of rule 166–A [1] at issue in *Westchester* said simply that "the motion for summary judgment shall state the specific grounds therefor." Effective January 1, 1978, rule 166–A was amended to say that the court should grant the motion if the summary judgment proof shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law "on the issues as expressly set out in the motion or in an answer or any other response." TEX.R.CIV.P. 166a (Vernon Supp. 1991, historical note).

In *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex.1979), the supreme court stressed the rule's new language—that the movant must show himself entitled to judgment as a matter of law "on the issues as expressly set out in the motion"—and held that "[t]he 'issues' required by the rule to be 'expressly presented' are those pointed out to the trial court in written motions, written answers or written responses to the motion." *Id.* at 677. If the parties want to expand or restrict the issues expressly presented in the motion, said the court, they must do so

1. A 1988 amendment changed the rule's number from 166–A to 166a.

in compliance with rule 11. *Id.* Any agreement to alter the issues presented in the motion must be in writing, signed, and filed, or must be made in open court on the record. Rule 11 is satisfied if the agreement to expand the issues is described in the court's judgment or order. *Id.* Our record does not show that an agreement was made in writing, stated on the record in open court, or recited in the judgment. Thus the hospital has not satisfied *Clear Creek's* holding that any agreement to expand the issues beyond those specified in the motion must comply with rule 11.

There is nothing onerous or unreasonable about requiring the movant to state the grounds upon which he seeks to win a lawsuit without a trial. If the grounds are so obvious from the summary judgment proof, what is burdensome about requiring the movant to state them in the motion? Grounds may be stated concisely, without detail and argument. But they must at least be listed in the motion. When a motion for summary judgment asserts grounds *A* and *B*, it cannot be upheld on grounds *C* and *D*, which were not asserted, even if the summary judgment proof supports them and the responding party did not except to the motion.

Under rule 166a(c) and *Clear Creek*, the hospital as movant had the burden to include in its motion any grounds that it wanted to assert in the trial court and in this court. We hold that Roberts had no duty to except to the hospital's specific motion, which urged two grounds, in order to avoid trying by consent two other grounds that might have been found in the evidence and the trial brief.

 The dissent says that § 6.02 was before the court because the hospital's response to Roberts's motion for partial summary judgment addressed it. But the court did not hear Roberts's motion when it granted the hospital's motion. It simply sustained various objections to Roberts's motion that day. In any event, the discussion of a legal issue in the hospital's response to Roberts's motion did not place that issue before the court because the hospital's motion itself did not mention it.

We overrule the other grounds urged in the hospital's motion for rehearing for the reasons stated in our original opinion.

The motion for rehearing is overruled.

BUTTS, Justice, dissenting.

On Appellee's Motion for Rehearing, it has been brought to the court's attention that article 4590i § 6.02 (abolishing the cause of action for battery) was before the trial court in the summary judgment pleadings of the parties, if not in the specific grounds alleged in the Hospital's motion for summary judgment.

TEX.R.CIV.P. 166a(c) plainly states that the trial court may consider all the summary judgment evidence in making its determination whether to grant the judgment. The court is not limited to consideration of only the grounds alleged in the Hospital's motion for summary judgment. In the present case that "issue," which precluded the cause of action as a matter of law, was considered by the trial court because it was raised in the summary judgment pleadings and proof.

The failure of this court to recognize that is error. The parties filed cross-motions for summary judgment. The Hospital conclusively showed there could be no suit on this claim; Roberts is now precluded by statute from recovery based on a battery cause of action. The issue was squarely presented in the Hospital's response to Roberts' motion for summary judgment and in Robert's pleadings. Under article 166a(c) the trial court had a duty to consider that in denying Roberts' motion and in granting that of the Hospital. A summary judgment is proper if the facts alleged establish the absence of a right of action or create an insuperable barrier to recovery. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972).

Therefore, I respectfully dissent. The Hospital's motion for rehearing should be granted on this point.