NUMBER 13-06-602-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


TH HEALTHCARE LTD., FORMERLY KNOWN AS

TENET HEALTHCARE, LTD., FORMERLY D/B/A

BROWNSVILLE MEDICAL CENTER, Appellant,


v.
 


JORGE A. PATINO, M.D., Appellee.

 


On appeal from the 103rd District Court 


of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Justice Vela





 This is an appeal from a summary judgment granted in favor of appellee, Jorge
A. Patino, M.D. (Patino) and against appellant TH Healthcare Ltd., formerly known as
Tenet Healthcare, Ltd., formerly d/b/a Brownsville Medical Center (Tenet). By a single
issue, Tenet complains that the trial court erred in granting summary judgment on the
issue of limitations. We affirm.

I. Background

 The underlying facts are undisputed. On August 20, 1998, Tenet and Dr.
Patino entered into a "Relocation Agreement" (agreement) in which Patino agreed to
relocate his medical practice within Tenet's (then the Brownsville Medical Center)
service area. The term of the agreement was for a three year period beginning August
20, 1998 and ending August 19, 2001. 

 The agreement provided that Tenet would pay Patino $14,166.66 per month
for a one-year period, beginning August 20, 1998 and ending August 19,1999 ( the
"guarantee period"). Tenet's maximum obligation during this time frame, however, 
was limited to $170,000.00 (the "total guaranteed amount"). If Patino's collections
exceeded the total guaranteed amount of $170,000.00, Patino would repay Tenet any
excess amounts he collected "in six continuous, equal monthly payments . . . ." In
order to determine whether Patino owed Tenet any excess collections, the parties were
to conduct a "reconciliation" of the collections "sixty (60) days after the end of the
Guarantee Period."

 On December 10, 2001, Tenet hired an independent certified public accounting
firm to perform a reconciliation and audit of the August 1998 - August 1999
guarantee period. On July 9, 2002, the reconciliation and audit was completed and,
according to Tenet, it revealed that Patino owed Tenet $81,548.00 for the twelve
month period in question.

 On July 15, 2005, Tenet filed suit against Patino for breach of contract, alleging
that Patino failed to pay Tenet his excess collections. On August 7, 2006, the trial
court granted Patino's motion for summary judgment based on the affirmative defense
of limitations.

II. Standard of Review

 On appeal, a summary judgment is reviewed de novo. Provident Life & Acc. Ins.
Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). A summary judgment can only be
upheld on grounds expressly set forth in the written motion. Roberts v. Southwest
Tex. Methodist Hosp., 811 S.W.2d 141, 144-45 (Tex. App.-San Antonio, writ
denied). Summary judgment is appropriate when there is no genuine issue of material
fact and judgment should be granted in favor of the movant as a matter of law. KPMG
v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). 

 A defendant moving for summary judgment on the affirmative defense of
limitations has the burden to conclusively establish that defense, including the accrual
date of the cause of action. Id.; see also Provident Life & Acc. Ins. Co. v. Knott, 128
S.W.3d at 220. If the movant establishes that the statute of limitations bars the
action, the nonmovant must then adduce summary judgment proof raising a fact issue
in avoidance of the statute of limitations. KPMG Peat Marwick, 988 S.W.2d at 748. 
When reviewing a summary judgment, we take as true all competent evidence
favorable to the nonmovant, and indulge every reasonable inference and resolve any
doubts in the nonmovant's favor. Southwestern Elec. Power v. Grant, 73 S.W.3d
211, 215 (Tex. 2002). We review a summary judgment for evidence that would
enable reasonable and fair minded jurors to differ in their conclusions. Wal-Mart
Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006)(per curiam).

III. Analysis

 The parties agree that the applicable limitations period for this breach of
contract case is four years. Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (Vernon
2005). Patino does not dispute that he breached the contract with Tenet because he
failed to complete a reconciliation within sixty days after the guarantee period as
required by the agreement, nor does he dispute the fact that he failed to make any
payments pursuant to his repayment obligation under the agreement. Essentially,
Patino takes the position that he breached the agreement at two different times: when
he failed to conduct a reconciliation, and when he failed to begin repaying his
obligation. The key issue, then, is when Tenet's cause of action against Patino
accrued; this will determine whether Tenet's suit against Patino is barred by
limitations.


A. Tenet's Position on When the Cause of Action Accrued

 Tenent argues that its cause of action against Patino accrued on August 1,
2002. Tenet's conclusion is based on the date of its audit and reconciliation: July 9,
2002. According to Tenet, this was the date it became aware that Patino owed Tenet
excess collections. Thus, when Patino failed to begin repaying Tenet at the beginning
of the following month, and for the next five months, Patino breached the agreement. 
The basis of Tenet's argument is that "completion of the audit was . . . a 'condition
precedent' to the accrual of any cause of action for breach of such obligation." 
According to Tenet, when a prospective plaintiff is obliged to fulfill a condition
precedent before a cause of action will accrue, the prospective plaintiff must fulfill the
condition within a "reasonable period of time," which, it asserts, "coincides with the
applicable limitations period: in this case, four (4) years." It argues that a reasonable
period of time for completing the reconciliation was likewise four years.

 Thus, Tenet claims that because its case against Patino accrued August 1,
2002, its case, filed July 15, 2005, was filed well within the four year limitations
period.

B. Patino's Position on When the Cause of Action Accrued

 Patino points to the plain language in the agreement, paragraph B-6, which
provides:

 Sixty (60) days after the end of the Guarantee Period, the parties hereto
shall cause a reconciliation of (a) the Collections for the Guarantee
Period ("Total Collections"), (b) the Collections during said sixty (60) day
period that are attributable to the Guarantee Period ("Post Guarantee
Collections") and (c)the total monies paid by Hospital under paragraphs
B-3 and B-4 above ("Cumulative Payments"). The sum of Total
Collections, Post Guarantee Collections and Cumulative Payments shall
be defined herein as "Total Income." If the Total Income exceeds the
Total Guaranteed Amount, then Physician shall, beginning no later than
the first day of the first month following the date of reconciliation,
repay to Hospital the entire said excess funds in six (6) continuous,
equal monthly payments, but the amount due Hospital shall not exceed
the Cumulative Payments made by Hospital. Notwithstanding any other
provision of this Agreement, in no event shall the amount due Hospital
under this paragraph B-6 be forgiven or waived upon the expiration or
termination of this Agreement.


(Emphasis added).


 Patino argues that the reconciliation requirement in the Agreement was a
"covenant"--- not a "condition precedent"---which, in mandatory language, states "60
days after the end of the Guarantee Period, the parties shall cause a reconciliation . .
. ." Pursuant to this language, he contends that any cause of action for breach of the
Agreement would have accrued when 1) he failed to complete a reconciliation within
sixty (60) days after the guarantee period (October 19, 1999); and 2) when he failed
to make payments pursuant to his repayment obligation under the Agreement
(November 1, 1999 and the first day of the next five months). Consequently, he
argues that the limitations period for the first breach, failure to conduct a
reconciliation, began to run October 19, 1999 and expired October 19, 2003. He
argues that the limitations period for the second breach, failure to repay, began to run
November 1, 1999 and expired November 1, 2003 and continued to expire for the
next five payments for the next five (5) months, ending March 1, 2004.


C. Condition Precedent v. Covenant

 Both parties take the position that the reconciliation requirement in the
agreement triggers the accrual date of any cause of action for breach. Under Tenet's
construction, the reconciliation requirement was a condition precedent that it met
when it completed its audit in 2002; under Patino's construction, it was a covenant
that was required to have been completed sixty days after the guarantee period, or
October 19, 1999. We must decide, therefore, whether the requirement to complete
a reconciliation in the agreement was a condition precedent or a covenant. 

 A condition precedent may be either a condition to the formation of a contract
or to an obligation to perform an existing agreement. Gulf Const. Co, Inc. v. Self, 676
S.W.2d 624, 627-28 (Tex. App.-Corpus Christi 1984, writ ref'd n.r.e.). Conditions
may, therefore, relate either to the formation of contracts or liability under them. Id.
(citing Hohenberg Bros Co. v. George E. Gibbons & Co, 537 S.W.2d 1 (Tex. 1976)). 
Conditions precedent to an obligation to perform are those acts or events which occur
subsequently to the making of the contract, that must occur before there is a right to
immediate performance and before there is a breach of a contractual duty. Id. 

 While no particular words are necessary for the existence of a condition, terms
such as "if", "provided that," "on the condition that", or other phrases that condition
performance, usually connote an intent for a condition rather than a promise. Id. In
the absence of such a limiting clause, whether a certain contractual provision is a
condition, rather than a promise (covenant) must be gathered from the contract as a
whole and from the intent of the parties. Id. 

 In Gulf Construction Company, this court relied on the Texas Supreme Court's
language in making a determination as to whether language in a contract was a
condition precedent or a covenant:

 It is the duty of the Court, in determining the meaning and intent of a
contract, to look at the entire instrument; that is, the contract must be
examined by its four corners. Stated another way, the contract must be
considered and construed as an entire instrument, and all of its provisions
must be considered and construed together. It is not usually proper to
consider a single paragraph, clause, or provision by itself, to ascertain its
meaning. To the contrary, each and every part of the contract must be
construed and considered with every other part, so that the effect or
meaning on any other part may be determined.

Id. at 627. Where the intent of the parties is doubtful or where a condition would
impose an absurd or impossible result, the agreement should be interpreted as creating
a covenant rather than a condition. Id.; Hohenberg Bros, 537 S.W.2d at 3. Because
of their harshness and operation, conditions are disfavored. Criswell v. European
Crossroads Shopping Ctr. Ltd., 792 S.W.2d 945, 948 (Tex. 1990); Sirtex Oil Ind. Inc.
v. Erigan, 403 S.W.2d 784, 787 (Tex. 1966). 

 In reviewing the language of the entire agreement between Tenet and Patino,
we note that the parties were clear in their intent. The contract specifically details the
terms, benefits, and obligations of both Tenet and Patino. The document expressly
states the amount Tenet would pay Patino, the date on which the payment was due,
the maximum amount Tenet would pay Patino, the manner and time frame in which
to determine whether Patino owed Tenet any reimbursement, and the time frame in
which Patino was required to repay Tenet if his collections exceeded Tenet's maximum
amount. The agreement uses mandatory language in providing for the manner in
which Tenet would be entitled to reimbursement: "Sixty (60) days, after the end of the
Guarantee Period, the parties hereto shall cause a reconciliation . . ." (emphasis
added). The Agreement regarding the reconciliation does not use conditional language
terms such as "if", "on the condition that," or some other language that conditioned
performance. 

 Additionally, to accept Tenet's position that the reconciliation requirement is a
condition precedent would likely lead to an absurd or impossible result. Under this
construction, Tenet could wait, possibly for years, to conduct a reconciliation and then
sue Patino for excess collections. Such an interpretation would circumvent public
policy considerations underlying the statute of limitations. Such considerations include 
balancing the State's interest in setting a reasonable time for plaintiffs to present
claims with the countervailing interests of imposing finality and cutting off the pursuit
of cases in which "the search for the truth may be seriously impaired by the loss of
evidence, whether by death or disappearance of witnesses, fading memories,
disappearance of documents or otherwise." Little v. Smith, 943 S.W.2d 414, 417
(Tex. 1997) (citing S.V. v. R.V., 933 S.W.2d 1, 3 (Tex. 1996)) (quoting Murray v. San
Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990). We conclude, therefore,
that the reconciliation requirement in the agreement was not a condition precedent,
but rather a covenant.

D. Applicable Limitations Period

 Having made this conclusion, we agree with Patino that the two breaches of the
agreement occurred as follows:

 1) Failure to Conduct Reconciliation: October 19, 1999-- sixty (60) days after
the end of the Guarantee Period. Therefore, limitations for this breach expired four
(4) years later on October 19, 2003.

 2) Failure to Repay: November 1, 1999 and the first day of the next five
months, ending March 1, 2000. Limitations for this breach expired, then, on
November 1, 2003 and the first day of the next five months, ending March 1, 2004.

 Since Tenet did not file suit against Patino until July 15, 2005, its suit was
barred because the applicable statute of limitations, based on both breaches of the
agreement, had expired. Accordingly, the trial court did not err in granting Patino's
summary judgment. 

E. Discovery Rule

 Tenet also argues that the trial court erred in granting the summary judgment
because Patino failed to file any summary judgment evidence proving an essential
element of his limitations affirmative defense; that is, negating the discovery rule. It
takes the position that one of the essential elements of a limitations defense is to
negate the discovery rule by proving as a matter of law when Tenet discovered, or in
the exercise of reasonable diligence should have discovered, the nature of its injury. 
See KPMG Peat Marwick, 988 S.W.2d at 748. 

 The discovery rule applies in a breach of contract action only if the nature of the
plaintiff's claim is inherently undiscoverable. HECI Expl. Co. v. Neel, 982 S.W.2d 881,
886 (Tex. 1998); see e,g, Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 736-37 (Tex. 2001) (underpayment of royalties not inherently undiscoverable even though
information was not available from public source); Slusser v. Union Bankers Ins. Co.,
72 S.W.3d 713, 718 (Tex. App.-Eastland 2002, no pet.) (holding that underpayment
of commissions not inherently undiscoverable even though the employer controlled
information regarding calculation of commission). Further, a defendant's motion for
summary judgment on limitations does not need to negate the discovery rule unless
a plaintiff has pleaded it. Via Net v. TIG Ins. Co., 211 S.W.3d 310, 313 (Tex. 2006). 
The record before us does not reflect any pleading of the discovery rule by the
plaintiff. 

 The agreement clearly requires that a reconciliation was to be conducted sixty
days after the guarantee period--October 18, 1999. If Tenet had conducted the
reconciliation within this sixty day period, it would have known, or should have
known, that Patino owed Tenet money at that time. Tenet's claim against Patino was
not inherently undiscoverable; therefore, the discovery rule does not apply.



IV. Conclusion


 We hold that the trial court did not err in granting Patino's summary judgment
against Tenet because the statute of limitations on Tenet's causes of action had
expired, and that the discovery rule does not apply in this case. Accordingly, we
affirm the judgment of the trial court.

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 26th day of July, 2007.