

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00129-CV

**IN THE ESTATE OF** Jose Alfredo **MENDOZA**, Deceased

From the County Court at Law, Starr County, Texas
Trial Court No. PR-16-041
Honorable Romero Molina, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:     Sandee Bryan Marion, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: March 4, 2020

REVERSED AND REMANDED

This is an appeal of a final judgment incorporating two prior orders granting motions for partial summary judgment and the trial court's awards of attorney's fees following a subsequent bench trial on the issue of attorney's fees. On appeal, the appellants challenge: (1) the trial court's orders granting the motions for partial summary judgment; and (2) the attorney's fees they are ordered to pay the Estate of Jose Alfredo Mendoza. Because we hold the trial court erred in granting summary judgment on the only ground raised in the first motion for partial summary judgment, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

**BACKGROUND**

Jose Alfredo Mendoza died testate on September 2, 2016. Jose was survived by three daughters, Melinda Iris M. Gonzalez, Maria Mirtha M. Lozano, and Cynthia Emilia M. Garcia (referred to herein as the "Daughters"), who are the appellees in this appeal. Jose's son, Eduardo J. Mendoza, died on June 4, 2014 and, therefore, predeceased Jose. Eduardo was survived by two children, Michelle Iris Mendoza and Eduardo Jose Mendoza, Jr. (referred to herein as "Eduardo's Children"), who are the appellants in this appeal.

On February 16, 2017, the trial court signed an order admitting the following to probate: (1) Jose's last will and testament executed on August 7, 2012; (2) the first codicil to Jose's will executed on April 24, 2013; (3) the second codicil to Jose's will executed on December 3, 2013; and (4) the third codicil to Jose's will executed on September 25, 2014, after Eduardo died. Eduardo's Children subsequently filed a petition seeking a declaratory judgment construing the will and codicils, asserting they were entitled to Eduardo's beneficial interest in a trust to which Jose gave the "rest, residue and remainder of" his estate under article V of the will.[1] The Daughters filed a cross-petition for a declaratory judgment construing the wills and codicils, asserting Eduardo's Children take nothing under the will and codicils.

In their first motion for partial summary judgment, the only ground the Daughters raised as a basis for summary judgment was that "a dead person cannot be a beneficiary of a trust." As previously noted, the trial court granted the motion and declared that Eduardo's Children take nothing under article V of the will.

---

[1] Article V provided "in the event that any of my children, named in Paragraph I hereof, survive me by ninety (90) days, I give the rest, residue and remainder of my estate to MARIA MIRTHA M. LOZANO, as Trustee, in trust for my children, for a period of ten (10) years after the date of my death to be managed as provided in Article IV, Paragraph B, above." The children named in Paragraph I were Eduardo and the Daughters.

In their second motion for partial summary judgment, the Daughters referenced the trial court's order granting their first motion for partial summary judgment which declared that Eduardo's Children take nothing under article V of the will. The Daughters further asserted Eduardo's Children should take nothing under any other provision of the will and that Eduardo's Children should not recover any attorney's fees from the estate. The trial court's order granting the motion declared that Eduardo's Children take nothing under any provision of the will or codicils.

After granting the two motions for partial summary judgment, the trial court resolved the issue of attorney's fees requested by both Eduardo's Children and the Daughters at a bench trial and entered a final judgment. Eduardo's Children appeal.

### STANDARD AND SCOPE OF REVIEW

"A trial court's order granting summary judgment is reviewed de novo." *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019). "A party moving for traditional summary judgment has the burden to prove that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Id.* (citing TEX. R. CIV. P. 166a(c)). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* (internal quotation marks omitted).

"Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX. R. CIV. P. 166a(c). "The 'issues' required by the rule to be 'expressly presented' are those pointed out to the trial court in written motions, written answers or written responses to the motion." *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979). "To permit 'issues' to be presented orally would encourage parties to request that a court reporter record summary judgment hearings, a

practice neither necessary nor appropriate to the purposes of such a hearing." *Id.* And, "[s]ummary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010). Accordingly, "'[w]hen a motion for summary judgment asserts grounds A and B, it cannot be upheld on grounds C and D, which were not asserted, even if the summary judgment proof supports them and the responding party did not except to the motion.'" *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) (quoting *Roberts v. Sw. Tex. Methodist Hosp.*, 811 S.W.2d 141, 146 (Tex. App.—San Antonio 1991, writ denied)); *see also Armour Pipe Line Co. v. Sandel Energy, Inc.*, 546 S.W.3d 455, 466 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("a non-movant's failure to object to the movant raising an argument somewhere other than in the summary-judgment motion does not allow an appellate court to affirm the summary judgment based on that argument if the movant failed to expressly present the argument in the summary-judgment motion"); *Protocol Techs., Inc. v. J.B. Grand Canyon Dairy, L.P.*, 406 S.W.3d 609, 613 (Tex. App.—Eastland 2013, no pet.) ("the matters presented during the oral hearing on a motion for summary judgment have no bearing on appeal because the grounds for summary judgment and the issues defeating entitlement thereto must be presented in writing to the trial court before the hearing") (internal quotation marks omitted); *Nat'l City Bank of Ind. v. Ortiz*, 401 S.W.3d 867, 882 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (rejecting argument that nonmovant waived trial court's erroneous consideration of grounds raised orally at a summary judgment hearing but not raised in the motion).

## DISCUSSION

As previously noted, in their first motion for summary judgment, the only ground asserted by the Daughters was that "a dead person cannot be a beneficiary of a trust." In support of this argument in their motion, the Daughters cited *Longoria v. Lasater*, 292 S.W.3d 156, 167 (Tex. App.—San Antonio 2009, pet. denied) and Section 112, comment f of the Restatement (Second)

of Trusts. The Daughters similarly cite this same authority in defending the summary judgment in their appellees' brief.

In citing these cases, the Daughters ignore the difference between an inter vivos trust, which was the type of trust analyzed in *Longoria*, and a testamentary trust, which is the type of trust created under article V of Jose's will. *See Longoria*, 292 S.W.3d at 167. In quoting Section 112, comment f, of the Restatement (Second) of Torts in *Longoria*, this court recognized this distinction, asserting:

> A person who has died prior to the creation of a trust cannot be a beneficiary of the trust. Thus, if property is transferred inter vivos [*i.e.*, not by will] in trust for a named person who is dead at the time of the transfer, no trust is created.

292 S.W.3d at 167 (quoting RESTATEMENT (SECOND) OF TRUSTS § 112 cmt. f (1959)). Because this court was not considering a testamentary trust, we did not quote the remainder of comment f, which states the following regarding testamentary trusts:

> So also, if a testator devises property in trust for a person who predeceases him, the devise of the beneficial interest lapses, and the person named as trustee ordinarily holds the property upon a resulting trust for the estate of the testator. By statute, however, in many States a devise does not lapse under certain circumstances, as for example if the devisee leaves a child; and under similar circumstances a devise of the beneficial interest under a trust does not lapse.

RESTATEMENT (SECOND) OF TRUSTS § 112 cmt. f (1959) (internal citation omitted); *see also* RESTATEMENT (THIRD) OF TRUSTS § 44 reporter's notes on cmt. d (2003) (citing authorities discussing the application of the lapse doctrine and anti-lapse statutes to persons taking under trusts created by a will and noting "[a] comprehensive discussion of the lapse doctrine and anti-lapse statutes is beyond the scope of this Restatement").[2] Accordingly, the trial court erred in granting summary judgment in favor of the Daughters based on the mere fact that Eduardo predeceased

---

[2] Texas's anti-lapse statutes are codified at TEX. EST. CODE ANN. §§ 255.151-255.154.

Jose because that fact alone did not establish Eduardo's beneficial interest lapsed as a matter of law.

Although the Daughters argued at the summary judgment hearing and continue to argue in their appellees' brief that Texas's anti-lapse statutes did not prevent the lapse of Eduardo's beneficial interest, the Daughters did not raise this as a ground in either of their written motions for partial summary judgment.[3] Accordingly, under the authorities previously cited, this court cannot affirm the trial court's judgment on that ground.[4] *See Page*, 315 S.W.3d at 532; *see also Armour Pipe Line Co.*, 546 S.W.3d at 466; *Protocol Techs., Inc.*, 406 S.W.3d at 613; *Nat'l City Bank of Ind.*, 401 S.W.3d at 882.

## CONCLUSION

The mere fact that Eduardo predeceased Jose does not establish his beneficial interest in the trust created under article V of Jose's will lapsed as a matter of law. Because this was the sole ground asserted as the basis for summary judgment in the Daughters' first motion for partial summary judgment and no ground was asserted regarding article V in their second motion for partial summary judgment,[5] we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.[6]

Sandee Bryan Marion, Chief Justice

---

[3] We note the petition filed by Eduardo's Children and their response to the first motion for partial summary judgment make reference to "class gifts" and the anti-lapse statute; however, the Daughters failed to address the anti-lapse statute either by amending their first motion for partial summary judgment or by addressing the anti-lapse statute in their second motion for partial summary judgment.

[4] Because the issue is not properly before us, we express no comment on the merits of the arguments presented in the parties' briefs regarding Texas's anti-lapse statutes.

[5] As previously noted, the only reference to article V in the second motion for partial summary judgment was the assertion that the trial court ordered that Eduardo's Children take nothing under article V in granting the first motion for partial summary judgment.

[6] Given our disposition of this appeal, the trial court should be allowed to reconsider its award of attorney's fees to the estate. *See Kercheville v. Carson*, No. 04-00-00287-CV, 2001 WL 194301, at *2 (Tex. App.—San Antonio Feb. 28, 2001, pet. denied) (not designated for publication).