COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT
WORTH

 

 

                                           NO.
 2-07-208-CV

 

 

RON W. MAULDIN                                                                APPELLANT

 

                                                      V.

 

MBNA AMERICAN BANK, N.A.                                                 APPELLEE

 

                                                  ------------

 

           FROM
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

Appellant Ron W. Mauldin, pro
se, appeals the trial court=s judgment confirming an arbitration award in favor of Appellee MBNA
American Bank, N.A.  We affirm.

 

 








                                                Background

MBNA initiated an arbitration
proceeding against Mauldin in August 2004, alleging that Mauldin had entered
into a credit agreement with MBNA, that he was in default under the terms of
the agreement, that he was indebted to MBNA for $18,400.31, and that the credit
agreement contained a mandatory arbitration agreement under the Rules of the
National Arbitration Forum (ANAF@).[2]  On February 3, 2005, an NAF arbitrator found
that the parties had entered into a binding arbitration agreement and awarded
MBNA $22,163.80. The arbitrator=s notice of award certifies that a copy was mailed to Mauldin.[3]









On June 22, 2006, MBNA filed
a petition to confirm the arbitration award in County Court at Law No. 2 of
Tarrant County.  Mauldin filed an answer,
alleging that MBNA fraudulently obtained the arbitration award because Mauldin
did not agree to arbitration and had no knowledge of the arbitration proceeding.  MBNA filed a motion to confirm the award in
December 2006.  In response, Mauldin
filed a motion to vacate the arbitration award, arguing that MBNA=s petition to confirm the arbitration awardCfiled more than a year after the arbitrator made the awardCwas time-barred by section 9 of the Federal Arbitration Act (AFAA@); that MBNA
procured the award by undue means because it failed to present a credit
agreement and an arbitration agreement signed by Mauldin and failed to prove
service on Mauldin of notice of the arbitration proceeding or the arbitration
award; and that the arbitration agreement Asimply does not exist.@ 

The trial court held a
hearing on both motions; Mauldin did not attend the hearing.  The trial court rendered judgment for MBNA
for $18,400.31 plus court costs and postjudgment interest.  Thereafter, Mauldin filed a motion for new
trial, two motions to dismiss for lack of jurisdiction, and three requests for
findings of fact and conclusions of law. 
The record does not reflect any action by the trial court in response to
Mauldin=s postjudgment filings except for his second motion to dismiss for
lack of jurisdiction, which the court denied. 
Eventually, Mauldin filed a timely notice of appeal.  Mauldin subsequently removed the case to
federal court, but the federal district court remanded the case for lack of
jurisdiction. 

                                          Standard of Review








The parties agree that the
arbitration agreement relied on by MBNA states that it shall be governed by the
FAA.  See 9 U.S.C.A. '' 1B9, 11B16 (West 1999); ' 10 (Supp.
2008).  We review a trial court=s confirmation of an arbitration award under the FAA  de novo.  Tanox, Inc. v. Akin, Gump, Strauss, Hauer
& Feld, L.L.P., 105 S.W.3d 244, 250 (Tex. App.CHouston [14th Dist.] 2003, pet. denied).  We also review de novo the trial court=s determination of an arbitration agreement=s validity.  J.M. Davidson,
Inc. v. Webster, 128 S.W.3d 223, 227 (Tex. 2003).

Review of an arbitration
award under the FAA is very limited and Aexceedingly deferential@ regardless of whether a trial court or an appellate court is
reviewing the award.  Kergosien v.
Ocean Energy, Inc., 390 F.3d 346, 352 (5th Cir. 2004); see also Myer v.
Americo Life, Inc., 232 S.W.3d 401, 407B08 (Tex. App.CDallas 2007,
no pet.).  Under the FAA standard, a
court Amay not review the arbitrators= decision on the merits even if it is alleged that the decision is
based on factual error or it misinterprets the parties= agreement.@  Tanox, Inc. 105 S.W.3d at 250.








All reasonable presumptions
are indulged in favor of the award, and none against it.  CVN Group, Inc. v. Delgado, 95 S.W.3d
234, 238 (Tex. 2002). An arbitration award has the same effect as a judgment of
a court of last resort, and a court reviewing the award may not substitute its
judgment for that of the arbitrators merely because it would have reached a
different decision.  Id.; Bailey
& Williams v. Westfall, 727 S.W.2d 86, 90 (Tex. App.CDallas 1987, writ ref=d n.r.e).  Arbitration awards
are entitled to great deference by the courts Alest disappointed litigants seek to overturn every unfavorable
arbitration award in court.@ Crossmark, Inc. v. Hazar, 124 S.W.3d 422, 429 (Tex. App.CDallas 2004, pet. denied) (quoting Daniewicz v. Thermo Instrument
Sys., Inc., 992 S.W.2d 713, 716 (Tex. App.CAustin 1999, pet. denied)). 
Judicial review of arbitration awards Aadds expense and delay, thereby diminishing the benefits of
arbitration as an efficient, economical system for resolving disputes.@ Id. Therefore, review of an arbitration award is Aextraordinarily narrow.@  GJR Mgmt. Holdings, L.P. v.
Jack Raus, Ltd., 126 S.W.3d 257, 263 (Tex. App.CSan Antonio 2003, pet. denied). 
Review is so limited that an arbitration award may not be vacated even
if there is a mistake of fact or law. Crossmark, 124 S.W.3d at 429
(citing Anzilotti v. Gene D. Liggin, Inc., 899 S.W.2d 264, 266 (Tex.
App.CHouston [14th Dist.] 1995, no writ)).








The FAA clearly defines the
circumstances under which an arbitration award may be vacated.  See 9 U.S.C.A. ' 10(a).  A trial court may
vacate an arbitration award under the FAA only if the challenger asserts one of
four statutory grounds.  Hall St.
Assocs., L.L.C. v. Mattel, Inc., 128 S. Ct. 1396,  1402B03 (2008).[4]  The statutory grounds set forth in the FAA
are (1) the award was fraudulently procured, (2) there was evidence of
partiality or corruption of the arbitrator, (3) the arbitrator was guilty of
misconduct that prejudiced the rights of a party, or (4) the arbitrator
exceeded the arbitrator=s powers or
so imperfectly executed them that a definite award was not made. 9 U.S.C.A. ' 10(a).

                                                Discussion

In his first and second
issues, Mauldin argues that the trial court erred by confirming the arbitration
award without proof of the existence of a contractual agreement and an
arbitration agreement between the parties bearing his signature.  

Section 13 of the FAA
provides that the party moving for an order confirming, modifying, or
correcting an arbitration award shall, at the time such order is filed with the
clerk for the entry of judgment thereon, also file the following papers with
the clerk

(a)
The agreement; the selection or appointment, if any, of an additional
arbitrator or umpire; and each written extension of the time, if any, within
which to make the award;

(b)
The award; and 

(c)
each notice, affidavit, or other paper used upon an application to confirm,
modify, or correct the award, and a copy of each order of the court upon such
an application.  

 

9 U.S.C.A. ' 13.








MBNA attached to its petition
to confirm the award a copy of the ACredit Card Agreement, Additional Terms and Conditions@ containing the arbitration agreement, a copy of the arbitration
award, and the affidavit of its Aarbitration analyst@ authenticating the documents as business records.  These documents fulfilled MBNA=s filing requirements under section 13(a) and (b); section (c) does
not appear to be applicable, and Mauldin does not argue otherwise.  See id.  Neither section 13 of the FAA nor Texas law,
with exceptions not relevant here, requires a signature to an arbitration
agreement, as Mauldin appears to argue, so long as it is written and agreed to
by the parties.  In re AdvancePCS
Health L.P., 172 S.W.3d 603, 606 (Tex. 2005).








Though Mauldin does not use
the word Avacate,@ he in essence argues that the trial court should have vacated the
arbitration awardCthe only
alternative to confirmation applicable to this case.[5]  We observe that notice of a motion to vacate,
modify, or correct an award must be served upon the adverse party or his
attorney within three months after the award is filed or delivered.  Id. ' 13.  A party who fails to
timely serve notice of such a motion forfeits his right to seek judicial review
of the award.  Garner v. MBNA Am.
Bank, N.A., No. 3:05‑cv‑1029‑R, 2006 WL 2354939, at *2
(N.D. Tex. Aug. 14, 2006) (citing Allied Van Lines, Inc. v. Aaron Transfer
& Storage, Inc., No. 402CV497Y, 2003 WL 22056220, at *2 (N.D. Tex.
Sept. 3, 2003)).  In this case, Mauldin
filed his motion to vacate the arbitration awardCin which he raised the same argument he now raises on appealCwell beyond section 13=s three-month deadline. 
Therefore, he waived his right to seek judicial review of the arbitrator=s findings that he entered into a credit agreement with MBNA and that
the credit agreement contained an arbitration clause.  See id.  We overrule Mauldin=s first two issues.

In his third issue, Mauldin
argues that the trial court lacked jurisdiction over the confirmation
proceeding because MBNA did not file its petition to confirm the award within
one year of the date of the award.

Section 9 of the FAA provides
as follows:

If
the parties in their agreement have agreed that a judgment of the court shall
be entered upon the award made pursuant to the arbitration, and shall specify
the court, then at any time within one year after the award is made any
party to the arbitration may apply to the court so specified for an order
confirming the award, and thereupon the court must grant such an order
unless the award is vacated, modified, or corrected as prescribed in sections
10 and 11 of this title.  If no court is
specified in the agreement of the parties, then such application may be made to
the United States court in and for the district within which such award was
made.

 

9 U.S.C.A. ' 9 (emphasis added).








Mauldin argues that the words
Awithin one year@ act as a
statute of limitations and bar MBNA=s petition to confirm the award, which MBNA filed more than one year
after the award was made.  Federal courts
of appeals are split as to whether section nine acts as a statute of
limitations.  The fourth and eighth
circuits have held that the word Amay@ in the
relevant sentence of section nine makes the provision permissive, not mandatory,
and that a party=s failure to
file a confirmation proceeding within one year of the award does not bar
confirmation.  Sverdrup Corp. v. WHC
Constructors, Inc., 989 F.2d 148, 151 (4th Cir. 1993); Val-U Constr. Co.
of S.D. v. Rosebud Sioux Tribe, 146 F.3d 573, 581 (8th Cir. 1998); see
also Nations Personnel of Tex., Inc. v. Am. Med. Sec., No. CIV A 3:95‑CV‑3072‑R,
2000 WL 626868, at *2 (N.D. Tex. May 15, 2000) (A[T]he court finds the reasoning of [Sverdrup] persuasive.@).  On the other hand, the
Second Circuit has held that section 9 imposes a mandatory one-year statute of
limitations despite Congress=s use of the word Amay.@  Photopaint Techs., LLC v. Smartlens Corp.,
335 F.3d 152, 158 (2d Cir. 2003); see also FIA Card Servs., N.A. v.
Gachiengu, No. H‑07‑2382, 2008 WL 3826110, at *4B5 (S.D. Tex. Aug. 14, 2008) (noting that Fifth Circuit apparently
adopted the same approach in Bernstein Seawell & Kove v. Bosarge,
813 F.2d 726, 731 (1987)).








We need not resolve this
split in federal authority.  Even if
section 9 imposes a one-year statute of limitations on confirmation
proceedings, as the Photopaint court held, the fact that MBNA filed its
petition more than a year after the arbitrator made the award would not deprive
the trial court of jurisdiction, as Mauldin argues; nor would it entitle him to
the relief he seeks, dismissal for lack of jurisdiction.  Limitations is an affirmative defense, see
Tex. R. Civ. P. 94, which would entitle Mauldin to a take-nothing judgment
on MBNA=s petition for confirmation.  See
Rhodes v. McCarron, 763 S.W.2d 518, 521 (Tex. App.CAmarillo 1988, writ denied).  We
cannot grant the relief Mauldin has requested (dismissal for lack of
jurisdiction); nor can we grant relief that he has not requested
(reversal and rendition of a take-nothing judgment).  See Stevens v. Nat'l Educ. Ctrs., Inc.,
11 S.W.3d 185, 186 (Tex. 2000) (denying petition for review when party did not
request appropriate relief).  Therefore,
we overrule his third issue.

In his fourth issue, Mauldin
argues that the trial court lacked jurisdiction over MBNA=s petition to confirm the award because the arbitration agreement did
not confer jurisdiction on the trial court. 
He argues that the phrase Ajudgment may be entered upon any award made hereunder in any court
having jurisdiction@ [emphasis
added] in the arbitration agreement does not Aspecify [a] court@ with the power to enter a judgment on an award under FAA section 9,
thus limiting jurisdiction to the court specified by section 9=s default provision, Athe United States court in and for the district within which such
award was made.@  See 9 U.S.C.A '9.

Federal and state courts have
concurrent jurisdiction to enforce the FAA. 
In re Palacios, 221 S.W.3d 564, 565 (Tex. 2005) (orig.
proceeding); In re Kellogg Brown & Root, Inc., 166
S.W.3d 732, 739 (Tex. 2005) (orig. proceeding) (citing Moses H. Cone Mem=l Hosp. v. Mercury Constr. Corp., 460
U.S. 1, 26 n.32, 103 S. Ct. 927, 942 n.32 (1983)).  But the FAA does not create federal-court
jurisdiction where it does not otherwise exist:








The
Arbitration Act is something of an anomaly in the field of federal‑court
jurisdiction.  It creates a body of
federal substantive law establishing and regulating the duty to honor an
agreement to arbitrate, yet it does not create any independent federal‑question
jurisdiction under 28 U.S.C. ' 1331 (1976 ed., Supp. IV) or
otherwise.

 

Moses H. Cone, 460 U.S. at 26 n.32, 103 S. Ct. at 942 n.32.  Thus, a federal court may not issue an order
affecting an arbitration dispute absent Adiversity of citizenship or some other independent basis for federal
jurisdiction.@  Id.; see also Specialty Healthcare
Mgmt., Inc. v. St. Mary Parish Hosp., 220 F.3d 650, 653 n.5 (5th Cir. 2000)
(ASince the FAA does not create federal jurisdiction, confirmation under
' 9 requires an independent basis for federal jurisdiction, such as
diversity jurisdiction in the present case.@).  Enforcement of the FAA is
left in large part to the states.  Moses
H. Cone, 460 U.S. at 26 n.32, 103 S. Ct. at 942 n.32.  The Federal District Court for the Northern
District of Texas cited Moses H. Cone when it remanded this case for
lack of jurisdiction after Mauldin removed it to federal court.  Mauldin does not assert an independent basis
for federal jurisdiction over MBNA=s confirmation petition, and none appears of record.  We therefore overrule his fourth issue.

In his fifth issue, Mauldin
argues that the trial court erred by ignoring his request for a jury
trial.  Mauldin admits that he did not
pay the jury fee and claims that he did not know that the fee was due. 








It is within the discretion
of the trial court to deny a jury trial in the absence of a timely request or
payment of a jury fee.   Huddle v.
Huddle, 696 S.W.2d 895, 895 (Tex. 1985). 
But even when a party does not timely pay the jury fee, a trial court
should accord the right to a jury trial if it can be done without injuring the
court=s docket, delaying the trial, or injuring the opposing party.  Gen. Motors Corp. v. Gayle, 951 S.W.2d
469, 476 (Tex. 1997).

Mauldin does not explain how
the trial court abused its discretion by proceeding to judgment without a jury
trial nor attempt to show that a jury trial would not have injured the trial
court=s docket, delayed the trial, or injured the opposing party.  Thus, Mauldin has not shown an abuse of
discretion, and we defer to the trial court=s decision to proceed without a jury.








On a more fundamental level,
we question whether a jury trial would have been appropriate even if Mauldin
had timely paid the fee.  A proceeding to
confirm an arbitration award under 9 U.S.C.A. section 9 is a summary
proceeding, and confirmation can be denied only if the award has been
corrected, vacated, or modified in accordance with the FAA.  Taylor v. Nelson, 788 F.2d 220, 225
(4th Cir.1986); Garner, 2006 WL 2354939, at *2.  As we have already noted, Mauldin did not
file a timely motion to vacate the award under FAA section 12.  Thus, the only possible outcome was confirmation;
there were no fact issues that could be submitted to the jury.  For this additional reason, we hold that the
trial court did not abuse its discretion by confirming the arbitration award
without a jury trial, and we overrule Mauldin=s fifth issue.

In his sixth and final issue,
Mauldin argues that the trial court erred by allowing MBNA to file a late
amended response to his motion to vacate the arbitration award.  Mauldin contends that proceedings in the
trial court were governed by the summary judgment rule and its deadlines, under
which a party must file a summary judgment response and controverting evidence
seven days before the summary judgment hearing. 
See Tex. R. Civ. P. 166a(c).








Mauldin cites no authority
for the proposition that a motion to confirm or vacate an arbitration award
under the FAA are governed by the rules of summary judgment practice.  Generally, a summary judgment motion is not
required for the trial court to confirm, modify, or vacate an arbitration
award, but if a party chooses to pursue confirmation of the award through
summary judgment proceedings rather than the motion procedure under the Texas
Arbitration Act, that party assumes the traditional burdens and requirements of
summary judgment practice.  Baker
Hughes Oilfield Operations, Inc. v. Hennig Production Co.,164 S.W.3d 438,
442B43 (Tex. App.CHouston
[14th Dist.] 2005, no pet.) (citing Crossmark, 124 S.W.3d at 430).  We can discern no reason why the same
principle should not apply to motions filed under the equivalent provisions of
the FAA.  Neither MBNA nor Mauldin filed
motions for summary judgment; thus, neither invoked the procedures and
deadlines applicable to summary judgment practice.  Therefore, we overrule Mauldin=s sixth issue.

                                                Conclusion

Having overruled all of
Mauldin=s issues, we affirm the trial court=s judgment.

 

ANNE GARDNER

JUSTICE

 

PANEL:       GARDNER, WALKER, and MCCOY, JJ.

 

WALKER,
J. concurs without opinion.

 

DELIVERED:  October 30, 2008











[1]See Tex.
R. App. P. 47.4.





[2]In
its brief, MBNA alleges extensive facts regarding the credit agreement between
the parties, but the allegations have no support in the record, and Mauldin
challenges the truth of the allegations. 
This court must hear and determine a case based on the record as
filed.  Till v. Thomas, 10 S.W.3d
730, 733 (Tex. App.CHouston
[1st Dist.] 1999, no pet.).  Therefore,
the facts alleged by MBNA and unsupported by the record play no part in our
decision.  We deny Mauldin=s
motion to require MBNA to rebrief, in which Mauldin challenges MBNA=s
unsupported factual allegations.





[3]Mauldin=s
address as recited on the arbitrator=s award is the same address
recited on Mauldin=s
original answer in the trial court and other documents. 





[4]Courts
have recognized certain narrow common law exceptions, see Myer, 232
S.W.3d at 408, but the Supreme Court=s decision in Hall Street
casts doubt on the continued viability of those common law exceptions.  





[5]See 9
U.S.C.A '' 9,
10, 11 (providing that a reviewing court may confirm, vacate, or modify an
arbitration award).