

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

---

### NO. 2-07-208-CV

---

RON W. MAULDIN                                                        APPELLANT

V.

MBNA AMERICAN BANK, N.A.                                          APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Ron W. Mauldin, pro se, appeals the trial court's judgment confirming an arbitration award in favor of Appellee MBNA American Bank, N.A. We affirm.

---

[1]  *See* Tex. R. App. P. 47.4.

## Background

MBNA initiated an arbitration proceeding against Mauldin in August 2004, alleging that Mauldin had entered into a credit agreement with MBNA, that he was in default under the terms of the agreement, that he was indebted to MBNA for $18,400.31, and that the credit agreement contained a mandatory arbitration agreement under the Rules of the National Arbitration Forum ("NAF").[2] On February 3, 2005, an NAF arbitrator found that the parties had entered into a binding arbitration agreement and awarded MBNA $22,163.80. The arbitrator's notice of award certifies that a copy was mailed to Mauldin.[3]

On June 22, 2006, MBNA filed a petition to confirm the arbitration award in County Court at Law No. 2 of Tarrant County. Mauldin filed an answer, alleging that MBNA fraudulently obtained the arbitration award because Mauldin did not agree to arbitration and had no knowledge of the arbitration proceeding. MBNA filed a motion to confirm the award in December 2006. In response,

---

[2] In its brief, MBNA alleges extensive facts regarding the credit agreement between the parties, but the allegations have no support in the record, and Mauldin challenges the truth of the allegations. This court must hear and determine a case based on the record as filed. *Till v. Thomas*, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Therefore, the facts alleged by MBNA and unsupported by the record play no part in our decision. We deny Mauldin's motion to require MBNA to rebrief, in which Mauldin challenges MBNA's unsupported factual allegations.

[3] Mauldin's address as recited on the arbitrator's award is the same address recited on Mauldin's original answer in the trial court and other documents.

Mauldin filed a motion to vacate the arbitration award, arguing that MBNA's petition to confirm the arbitration award—filed more than a year after the arbitrator made the award—was time-barred by section 9 of the Federal Arbitration Act ("FAA"); that MBNA procured the award by undue means because it failed to present a credit agreement and an arbitration agreement signed by Mauldin and failed to prove service on Mauldin of notice of the arbitration proceeding or the arbitration award; and that the arbitration agreement "simply does not exist."

The trial court held a hearing on both motions; Mauldin did not attend the hearing. The trial court rendered judgment for MBNA for $18,400.31 plus court costs and postjudgment interest. Thereafter, Mauldin filed a motion for new trial, two motions to dismiss for lack of jurisdiction, and three requests for findings of fact and conclusions of law. The record does not reflect any action by the trial court in response to Mauldin's postjudgment filings except for his second motion to dismiss for lack of jurisdiction, which the court denied. Eventually, Mauldin filed a timely notice of appeal. Mauldin subsequently removed the case to federal court, but the federal district court remanded the case for lack of jurisdiction.

## Standard of Review

The parties agree that the arbitration agreement relied on by MBNA states that it shall be governed by the FAA. *See* 9 U.S.C.A. §§ 1–9, 11–16 (West

3

1999); § 10 (Supp. 2008). We review a trial court's confirmation of an arbitration award under the FAA de novo. *Tanox, Inc. v. Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 105 S.W.3d 244, 250 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). We also review de novo the trial court's determination of an arbitration agreement's validity. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).

Review of an arbitration award under the FAA is very limited and "exceedingly deferential" regardless of whether a trial court or an appellate court is reviewing the award. *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 352 (5th Cir. 2004); *see also Myer v. Americo Life, Inc.*, 232 S.W.3d 401, 407–08 (Tex. App.—Dallas 2007, no pet.). Under the FAA standard, a court "may not review the arbitrators' decision on the merits even if it is alleged that the decision is based on factual error or it misinterprets the parties' agreement." *Tanox, Inc.* 105 S.W.3d at 250.

All reasonable presumptions are indulged in favor of the award, and none against it. *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002). An arbitration award has the same effect as a judgment of a court of last resort, and a court reviewing the award may not substitute its judgment for that of the arbitrators merely because it would have reached a different decision. *Id.*; *Bailey & Williams v. Westfall*, 727 S.W.2d 86, 90 (Tex. App.—Dallas 1987, writ ref'd n.r.e). Arbitration awards are entitled to great deference by the

4

courts "lest disappointed litigants seek to overturn every unfavorable arbitration award in court." *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 429 (Tex. App.—Dallas 2004, pet. denied) (quoting *Daniewicz v. Thermo Instrument Sys., Inc.*, 992 S.W.2d 713, 716 (Tex. App.—Austin 1999, pet. denied)). Judicial review of arbitration awards "adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes." *Id*. Therefore, review of an arbitration award is "extraordinarily narrow." *GJR Mgmt. Holdings, L.P. v. Jack Raus, Ltd.*, 126 S.W.3d 257, 263 (Tex. App.—San Antonio 2003, pet. denied). Review is so limited that an arbitration award may not be vacated even if there is a mistake of fact or law. *Crossmark*, 124 S.W.3d at 429 (citing *Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, no writ)).

The FAA clearly defines the circumstances under which an arbitration award may be vacated. *See* 9 U.S.C.A. § 10(a). A trial court may vacate an arbitration award under the FAA only if the challenger asserts one of four statutory grounds. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 128 S. Ct. 1396, 1402–03 (2008).[4] The statutory grounds set forth in the FAA are (1) the award was fraudulently procured, (2) there was evidence of partiality or

---

[4] Courts have recognized certain narrow common law exceptions, *see Myer*, 232 S.W.3d at 408, but the Supreme Court's decision in *Hall Street* casts doubt on the continued viability of those common law exceptions.

5

corruption of the arbitrator, (3) the arbitrator was guilty of misconduct that prejudiced the rights of a party, or (4) the arbitrator exceeded the arbitrator's powers or so imperfectly executed them that a definite award was not made. 9 U.S.C.A. § 10(a).

## Discussion

In his first and second issues, Mauldin argues that the trial court erred by confirming the arbitration award without proof of the existence of a contractual agreement and an arbitration agreement between the parties bearing his signature.

Section 13 of the FAA provides that the party moving for an order confirming, modifying, or correcting an arbitration award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk

> (a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award;
> (b) The award; and
> (c) each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

9 U.S.C.A. § 13.

MBNA attached to its petition to confirm the award a copy of the "Credit Card Agreement, Additional Terms and Conditions" containing the arbitration agreement, a copy of the arbitration award, and the affidavit of its "arbitration

6

analyst" authenticating the documents as business records. These documents fulfilled MBNA's filing requirements under section 13(a) and (b); section (c) does not appear to be applicable, and Mauldin does not argue otherwise. *See id*. Neither section 13 of the FAA nor Texas law, with exceptions not relevant here, requires a signature to an arbitration agreement, as Mauldin appears to argue, so long as it is written and agreed to by the parties. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 606 (Tex. 2005).

Though Mauldin does not use the word "vacate," he in essence argues that the trial court should have vacated the arbitration award—the only alternative to confirmation applicable to this case.[5] We observe that notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered. *Id.* § 13. A party who fails to timely serve notice of such a motion forfeits his right to seek judicial review of the award. *Garner v. MBNA Am. Bank, N.A.*, No. 3:05-cv-1029-R, 2006 WL 2354939, at *2 (N.D. Tex. Aug. 14, 2006) (citing *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, No. 402CV497Y, 2003 WL 22056220, at *2 (N.D. Tex. Sept. 3, 2003)). In this case, Mauldin filed his motion to vacate the arbitration award—in which he raised the same argument he now raises on appeal—well beyond section 13's

---

[5] *See* 9 U.S.C.A §§ 9, 10, 11 (providing that a reviewing court may confirm, vacate, or modify an arbitration award).

three-month deadline. Therefore, he waived his right to seek judicial review of the arbitrator's findings that he entered into a credit agreement with MBNA and that the credit agreement contained an arbitration clause. *See id.* We overrule Mauldin's first two issues.

In his third issue, Mauldin argues that the trial court lacked jurisdiction over the confirmation proceeding because MBNA did not file its petition to confirm the award within one year of the date of the award.

Section 9 of the FAA provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, *then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award*, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C.A. § 9 (emphasis added).

Mauldin argues that the words "within one year" act as a statute of limitations and bar MBNA's petition to confirm the award, which MBNA filed more than one year after the award was made. Federal courts of appeals are split as to whether section nine acts as a statute of limitations. The fourth and eighth circuits have held that the word "may" in the relevant sentence of section nine makes the provision permissive, not mandatory, and that a party's

8

failure to file a confirmation proceeding within one year of the award does not bar confirmation. *Sverdrup Corp. v. WHC Constructors, Inc.*, 989 F.2d 148, 151 (4th Cir. 1993); *Val-U Constr. Co. of S.D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 581 (8th Cir. 1998); *see also Nations Personnel of Tex., Inc. v. Am. Med. Sec.*, No. CIV A 3:95-CV-3072-R, 2000 WL 626868, at *2 (N.D. Tex. May 15, 2000) ("[T]he court finds the reasoning of [*Sverdrup*] persuasive."). On the other hand, the Second Circuit has held that section 9 imposes a mandatory one-year statute of limitations despite Congress's use of the word "may." *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 158 (2d Cir. 2003); *see also FIA Card Servs., N.A. v. Gachiengu*, No. H-07-2382, 2008 WL 3826110, at *4–5 (S.D. Tex. Aug. 14, 2008) (noting that Fifth Circuit apparently adopted the same approach in *Bernstein Seawell & Kove v. Bosarge*, 813 F.2d 726, 731 (1987)).

We need not resolve this split in federal authority. Even if section 9 imposes a one-year statute of limitations on confirmation proceedings, as the *Photopaint* court held, the fact that MBNA filed its petition more than a year after the arbitrator made the award would not deprive the trial court of jurisdiction, as Mauldin argues; nor would it entitle him to the relief he seeks, dismissal for lack of jurisdiction. Limitations is an affirmative defense, *see* Tex. R. Civ. P. 94, which would entitle Mauldin to a take-nothing judgment on MBNA's petition for confirmation. *See Rhodes v. McCarron*, 763 S.W.2d 518,

9

521 (Tex. App.—Amarillo 1988, writ denied). We cannot grant the relief Mauldin has requested (dismissal for lack of jurisdiction); nor can we grant relief that he *has not* requested (reversal and rendition of a take-nothing judgment). *See Stevens v. Nat'l Educ. Ctrs., Inc.*, 11 S.W.3d 185, 186 (Tex. 2000) (denying petition for review when party did not request appropriate relief). Therefore, we overrule his third issue.

In his fourth issue, Mauldin argues that the trial court lacked jurisdiction over MBNA's petition to confirm the award because the arbitration agreement did not confer jurisdiction on the trial court. He argues that the phrase "judgment may be entered upon any award made hereunder *in any court having jurisdiction*" [emphasis added] in the arbitration agreement does not "specify [a] court" with the power to enter a judgment on an award under FAA section 9, thus limiting jurisdiction to the court specified by section 9's default provision, "the United States court in and for the district within which such award was made." *See* 9 U.S.C.A §9.

Federal and state courts have concurrent jurisdiction to enforce the FAA. *In re Palacios*, 221 S.W.3d 564, 565 (Tex. 2005) (orig. proceeding); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 739 (Tex. 2005) (orig. proceeding) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 n.32, 103 S. Ct. 927, 942 n.32 (1983)). But the FAA does not create federal-court jurisdiction where it does not otherwise exist:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976 ed., Supp. IV) or otherwise.

*Moses H. Cone*, 460 U.S. at 26 n.32, 103 S. Ct. at 942 n.32. Thus, a federal court may not issue an order affecting an arbitration dispute absent "diversity of citizenship or some other independent basis for federal jurisdiction." *Id*.; *see also Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 653 n.5 (5th Cir. 2000) ("Since the FAA does not create federal jurisdiction, confirmation under § 9 requires an independent basis for federal jurisdiction, such as diversity jurisdiction in the present case."). Enforcement of the FAA is left in large part to the states. *Moses H. Cone*, 460 U.S. at 26 n.32, 103 S. Ct. at 942 n.32. The Federal District Court for the Northern District of Texas cited *Moses H. Cone* when it remanded this case for lack of jurisdiction after Mauldin removed it to federal court. Mauldin does not assert an independent basis for federal jurisdiction over MBNA's confirmation petition, and none appears of record. We therefore overrule his fourth issue.

In his fifth issue, Mauldin argues that the trial court erred by ignoring his request for a jury trial. Mauldin admits that he did not pay the jury fee and claims that he did not know that the fee was due.

11

It is within the discretion of the trial court to deny a jury trial in the absence of a timely request or payment of a jury fee. *Huddle v. Huddle*, 696 S.W.2d 895, 895 (Tex. 1985). But even when a party does not timely pay the jury fee, a trial court should accord the right to a jury trial if it can be done without injuring the court's docket, delaying the trial, or injuring the opposing party. *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997).

Mauldin does not explain how the trial court abused its discretion by proceeding to judgment without a jury trial nor attempt to show that a jury trial would not have injured the trial court's docket, delayed the trial, or injured the opposing party. Thus, Mauldin has not shown an abuse of discretion, and we defer to the trial court's decision to proceed without a jury.

On a more fundamental level, we question whether a jury trial would have been appropriate even if Mauldin had timely paid the fee. A proceeding to confirm an arbitration award under 9 U.S.C.A. section 9 is a summary proceeding, and confirmation can be denied only if the award has been corrected, vacated, or modified in accordance with the FAA. *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir.1986); *Garner*, 2006 WL 2354939, at *2. As we have already noted, Mauldin did not file a timely motion to vacate the award under FAA section 12. Thus, the only possible outcome was confirmation; there were no fact issues that could be submitted to the jury. For this additional reason, we hold that the trial court did not abuse its discretion by

12

confirming the arbitration award without a jury trial, and we overrule Mauldin's fifth issue.

In his sixth and final issue, Mauldin argues that the trial court erred by allowing MBNA to file a late amended response to his motion to vacate the arbitration award. Mauldin contends that proceedings in the trial court were governed by the summary judgment rule and its deadlines, under which a party must file a summary judgment response and controverting evidence seven days before the summary judgment hearing. *See* Tex. R. Civ. P. 166a(c).

Mauldin cites no authority for the proposition that a motion to confirm or vacate an arbitration award under the FAA are governed by the rules of summary judgment practice. Generally, a summary judgment motion is not required for the trial court to confirm, modify, or vacate an arbitration award, but if a party chooses to pursue confirmation of the award through summary judgment proceedings rather than the motion procedure under the Texas Arbitration Act, that party assumes the traditional burdens and requirements of summary judgment practice. *Baker Hughes Oilfield Operations, Inc. v. Hennig Production Co.*,164 S.W.3d 438, 442–43 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (citing *Crossmark*, 124 S.W.3d at 430). We can discern no reason why the same principle should not apply to motions filed under the equivalent provisions of the FAA. Neither MBNA nor Mauldin filed motions for summary judgment; thus, neither invoked the procedures and deadlines

13

applicable to summary judgment practice.  Therefore, we overrule Mauldin's sixth issue.

## Conclusion

Having overruled all of Mauldin's issues, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL:     GARDNER, WALKER, and MCCOY, JJ.

WALKER, J. concurs without opinion.

DELIVERED:  October 30, 2008

14