Denis JENSEN, Plaintiff–Appellant,

v.

STATE of Missouri, Defendant–
Respondent.

No. 68921.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 30, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Teresa Mayhew Hess, Assistant Attorney General, St. Louis, for plaintiff-appellant.

H. Morley Swingle, Prosecuting Attorney, Cape Girardeau County, Jackson, for defendant-respondent.

HOFF, Judge.

Denis Jensen appeals an order denying his unconditional release from the custody of the Department of Mental Health pursuant to § 552.040 RSMo 1994. We reverse with instructions.

Mr. Jensen was committed to Southeast Missouri Mental Health Center (SEMMHC) on October 9, 1990, after pleading not guilty by reason of mental disease or defect to the charge of attempted robbery in the first degree. He was an inpatient at SEMMHC until October 25, 1993, when he was granted a conditional release. The conditional release allowed Mr. Jensen to live independently in an apartment, take medication on his own, and receive psychiatric care at SEMMHC on an outpatient basis.

On May 12, 1995, the Superintendent of SEMMHC filed an application on behalf of Mr. Jensen for his unconditional release.

A hearing regarding the unconditional release was held on July 13, 1995. Testimony in favor of the unconditional release was given by Dr. Byron English, Mr. Jensen's treating psychologist at SEMMHC, Ms. Deanna Schoenfield, his case monitor, and by Mr. Jensen.

Dr. English testified Mr. Jensen suffers from bipolar disorder but controls his mental illness by taking lithium carbonate. He testified Mr. Jensen has no recurring symptoms

of the disease since taking medication. He also noted that since Mr. Jensen's conditional release in October 1993, Mr. Jensen has been responsible for taking his own medication and has done so consistently.

Dr. English described Mr. Jensen's insight into his illness as "very good" and "as good as any patient's [insight] we've ever had." He testified Mr. Jensen "knows how [his] illness has affected his behavior in the past" and "knows that he has to take his medication to control [his] illness." Dr. English stated Mr. Jensen was "always completely compliant" with the treatment program while at SEMMHC and since his conditional release.

Dr. English noted that since Mr. Jensen's conditional release in 1993, he has married, been very active in mental health groups, and become the president of the Mineral Area Mental Health Network. He further testified Mr. Jensen has been employed part-time at an outpatient clinic for two years where he is in contact with many doctors and mental health care workers on a daily basis. Dr. English stated he has seen no suggestion or symptoms that would render Mr. Jensen dangerous to himself or others in the reasonable future. He opined Mr. Jensen would continue to take his medication and participate in therapy with a psychiatrist even with no one checking on him. Dr. English concluded his testimony by saying he supported Mr. Jensen's unconditional release.

Ms. Deanna Schoenfield, substantially reiterated Dr. English's testimony and further supported an unconditional release for Mr. Jensen. Mr. Jensen's testimony reaffirmed the testimony of Dr. English and Ms. Schoenfield. Mr. Jensen indicated he knew the importance of taking his medication and would continue to do so if granted an unconditional release. No evidence was presented opposing the unconditional release.

At the conclusion of the hearing, the trial court made findings regarding the factors to be considered pursuant to § 552.040.6 RSMo 1994, and took the case under submission.

On July 20, 1995, the trial court entered a written order denying Mr. Jensen's uncondi-

tional release without specific findings. This appeal followed.

Defendants who have been acquitted by reason of mental disease or defect and subsequently committed to the custody of the Department of Mental Health may petition the court for an unconditional release pursuant to § 552.040. Pursuant to this statute, the burden of proof is placed on the committed person to prove by the preponderance of the evidence that he "does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering him dangerous to the safety of himself or others." [1] § 552.040.6 RSMo 1994.

Pursuant to § 552.040.6 RSMo 1994, the trial court "shall consider the following factors in addition to any other relevant evidence" in determining whether the committed person has proven their mental illness will not render them a danger to themselves or others:

(1) Whether or not the committed person presently has a mental disease or defect;

(2) The nature of the offense for which the committed person was committed;

(3) The committed person's behavior while confined in a mental health facility;

(4) The elapsed time between the hearing and the last reported unlawful or dangerous act.

(5) Whether the person has had conditional releases without incident; and

(6) Whether the determination that the committed person is not dangerous to himself or others is dependent on the person's taking drugs, medicine or narcotics.

§ 552.040.6 RSMo 1994.

With regard to these factors the trial court found: (1) Mr. Jensen suffers from bipolar disorder; (2) his offense was attempted robbery; (3) his behavior while confined at SEMMHC was "exemplary"; (4) over five years had elapsed since the offense; (5) Mr. Jensen had "uneventful" conditional releases, continued to take his medication and had not

1. "Preponderance of the evidence" is the burden imposed upon defendants acquitted of a nonviolent crime by reason of mental disease or defect. It should be noted, however, the burden of proof is raised to "clear and convincing evi-

dence" for defendants acquitted of a violent crime against another person under sections 565.020, 565.021, 565.050, 565.110, 566.030, 566.040, 566.060, or 569.040 RSMo. § 552.040.6 RSMo 1994.

demonstrated any behavior indicating he might be a danger to himself or others; and (6) Mr. Jensen's need for lithium carbonate is a "lifetime requirement".

The trial court made a lengthy record at the conclusion of the hearing. We include only a small portion of his findings here:

> THE COURT: I am then finding myself in the Catch–22 situation of wanting personally to release Mr. Jensen from the conditions, but finding myself having to require a condition of his release; specifically, that he continue with his psychiatric examination and that he continue to take the medication as prescribed. What this means is I can only give you the relief you're asking for if I can do that unconditionally, and based on finding number six, I can't do that unconditionally.

> Mr. Jensen, I want you to understand that I would personally like to do this. However, as long as the testimony is that you require medication in the future to ensure and guarantee your present circumstances, I feel I have no alternative but to deny your request. This is not to say that you cannot continue your psychiatric care and upon the advice of a physician perhaps remove the requirement, but in all candor, by your testimony you expect to take this medication for life.

> . . .

> This is a legal technicality that I'm not very comfortable with because I have to again personally commend you for everything that you've done and continue to do. Unfortunately, none of us has a crystal ball.

> . . .

> And I cannot be guaranteed by you or anyone else that should you be released from this, that should you stop taking the medication or stop getting the treatment, that you would not be adversely affected. I am personally not comfortable with what I have to do, but I feel like I have no choice. I don't know how you could have done any better, but I don't know how I can find any other way.

> . . .

> I would personally very much like to say you can have everything you've asked for.... And I'll commend you for everything you've done. I just don't see where I have the ability or the authority to do it.

In his first point on appeal, Mr. Jensen argues the trial court abused its discretion in denying his unconditional release. He argues the trial court erred by making one factor, the continued need of medication under § 552.040.6(6) RSMo 1994, dispositive of the outcome instead of weighing the need for medication as one of several non-exclusive factors to be considered.

The Western District addressed this identical issue in *State v. Dudley*, 903 S.W.2d 581 (Mo.App.1995). Since the facts in *Dudley* are nearly identical to this case, it is necessary for our analysis to include them.

Dudley was charged with first degree robbery and armed criminal action. *Id.* at 582. He was found not guilty by reason of mental disease or defect and was remanded to the custody of the Department of Mental Health. *Id.* Ten years later, after successful conditional releases, Dudley petitioned for unconditional release. *Id.* at 583.

Dudley's psychiatrist testified at the release hearing that Dudley suffered from chronic schizophrenia which was permanent but controlled by medication. *Id.* He testified that it would be necessary for Dudley to continue taking his medication to control his mental illness, and believed Dudley would do so because of his insight into his illness and his history of compliance. *Id.* The psychiatrist indicated that Dudley's mental illness did not render him a danger to himself or others because the doctor believed Dudley would continue to take his medication. *Id.* The psychiatrist supported Dudley's unconditional release. *Id.*

Other evidence adduced at the hearing supported Dudley's unconditional release: he had been living in an apartment by himself on conditional release for four years, had been employed for four years, was active at church, was studying for his GED, and had the continuing support of his family. *Id.*

At the release hearing, the judge stated he believed Dudley met the conditions for unconditional release,

> unless the fact that he is required to continue to take the medication is just a prohibition.... I'm willing to release Mr. Dudley if I can do it under the statute.... You know, I may just be reading the statute wrong, but it seems to me the way the statute reads that Mr. Dudley is stuck. I don't write these statutes.

*Id.* at 584.

Four months after the hearing, the trial court issued its written order denying Dudley's unconditional release, but specifically found Dudley was not a danger to himself or others as long as he took his medication. *Id.*

On appeal, the Western District found the trial court abused its discretion by denying Dudley's unconditional release solely based on the sixth factor, his continued need for medication. *Id.* at 585. They found the six factor test for unconditional releases, laid out in § 552.040.6,[2] is a list of factors the judge must consider, but the list is not exclusive and no one factor is determinative or dispositive of the issue. *Id.* They found the trial court committed prejudicial error by considering only a single factor or making a single factor determinative, when the relevant statute required consideration of multiple factors in determining if the statutory standard had been met. *Id.*

Accordingly, the Western District found § 552.040.6 does not require the trial court to deny an unconditional release solely because the patient continues to take medication. *Id.* If it did, they reasoned, persons who were once subject to commitment might be forever institutionalized *without regard to whether* they are a danger to themselves or others. *Id.* at 586. The *Dudley* court concluded that although the continuing need for medication can be considered as a negative fact, ultimately the only determinative issue was whether Dudley had shown that in the reasonable future he was not likely to be dangerous to himself or others. *Id.* at 585.

We find *Dudley* to be controlling. This Court will affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or the trial court erroneously declared or applied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Although the trial court has the authority to determine whether the evidence supports an unconditional release, we will reverse the decision of the trial court if it fails to follow a statutory mandate to consider all relevant factors and evidence and fails to exercise its discretion in making its decision. *Dudley,* 903 S.W.2d at 584–585.

In Mr. Jensen's case, the trial court failed to follow § 552.040.6 RSMo 1994, which mandates the trial court to consider six specific factors as well as any other factors and evidence it finds relevant. The trial court definitively stated Mr. Jensen was one of the best candidates for unconditional release but for his need to take medicine to control his illness. The trial court made Mr. Jensen's continued need for medication dispositive of the issue. Mr. Jensen's unconditional release should not be denied solely on this factor. Section 552.040.6 RSMo 1994, does not require the trial court to deny an unconditional release simply because the patient continues to take medication. Other factors under § 552.040 RSMo 1994, and any other relevant evidence must be considered. It is clear from the record and the comments of the trial court that all other evidence supported Mr. Jensen's unconditional release.

This Court reverses the decision of the trial court and remands with instructions that an order be entered releasing Mr. Jensen unconditionally.

In his second point on appeal, Mr. Jensen contends the trial court erred by failing to make specific findings in its written order. We find that § 552.040.6 RSMo 1994, does not require the trial court to make written findings where none were requested. The court made lengthy findings on the record at the time of the hearing which indicat-

---

**2.** In *Dudley,* the court analyzed the six factor test laid out in § 552.040.6 RSMo 1986. Note this test is identical to the one at issue here, § 552.040.6 RSMo 1994.

ed the factors listed in the statute were considered.

Reversed and remanded for entry of a written order releasing Mr. Jensen unconditionally.

PUDLOWSKI, P.J., and SIMON, J., concur.