ACCEPTED
04-15-00397-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/14/2015 2:24:11 PM
KEITH HOTTLE
CLERK

**CASE NO. 04-15-00397-CV**

---

**IN THE COURT OF APPEALS
FOR THE FOURTH SUPREME JUDICIAL DISTRICT
AT SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
09/14/2015 2:24:11 PM
KEITH E. HOTTLE
Clerk

---

**MARCELO R. MONTEMAYOR,
APPELLANT**

**V.**

**GRACE CALENTINE,
AS A DEVISEE OF THE ESTATE OF
LUISA R. MONTEMAYOR, DECEASED,
APPELLEE**

---

**APPEAL FROM THE PROBATE COURT NO. 2,
BEXAR COUNTY, TEXAS
TRIAL COURT NO. 2010-PC-3012
HONORABLE TOM RICKOFF, JUDGE PRESIDING**

---

**APPELLANT'S BRIEF**

---

**ORAL ARGUMENT REQUESTED**

Marcelo R. Montemayor,
Appellant, Pro Se
SBN 14283400
P.O. Box 831561
San Antonio, Texas 78283
Phone (210) 842-5043
email one-marcelo@juno.com

# TABLE OF CONTENTS

page

Table of Contents............................ii

List of Authorities......................iii-iv

List of Parties..............................v

Statement of the Nature of the Case...........1

Statement of Jurisdiction.....................2

Statement Regarding the Record................2

Summary of the Argument.......................3

**ISSUES AND ERRORSRESENTED**......................3

**POINT OF ERROR ONE** ...........................3
The Trial Court abused its discretion and
erred in Granting Summary Judgment and No-Evidence
Summary Judgment.

Statement of the Facts and Procedural
Background.....................................4

Standard of Review............................5

Statement, Argument and Authorities...........6

Conclusion and Prayer.......................11

Certification, Compliance and Service........13

# LIST OF AUTHORITIES

Cases                                                           page

Elliott-Williams Co. v. Diaz,
9 S.W.3d 801,803 (Tex. 1999)
(omitted in text)...............................9

Friendswood Dev. Co. v. McDade & Co.,
926 S.W. 2nd 926 (Tex. 1996)
(omitted in text)...............................9

IN THE ESTATE OF LUISA R. MONTEMAYOR,
Deceased, No. 04-14-00392-CV, (Tex. App.-
San Antonio 2015)(mem. op)......................2

Low v. Henry, 221 S.W.3d 609,
612 (Tex. 2007)................................7

Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding 289S.W. 3d 844,
848 (Tex. 2009)...............................5,6

McConnell v. Southside Ind. Sch. Dist.,
858 S.W. 2nd 337,342 (Tex.1993)................8

Park Place Hosp. v. Estate of Milo,
909 S.W. 2nd 508, 510 (Tex. 1995).............10

Rentfro v. Cavazos, No. 04-10-00617-CV,
2012 SL 566364*5 (Tex. App.-San
Antonio, 2012, pet. den.) (men.op).............8

Roberts v. Southwest Texas Methodist
Hospital, 811 S.W.2nd 141 (Tex. App.--
San Antonio 1991, writ denied).................8

Science Spectrum, Inc. v. Martinez,
941 S.W.2nd 910,911 (Tex. 1997)
(omitted in text)..............................10


Southwest Electric Power Company v.
Grant 73 S.W. 3d 211,216 (Tex. 2002)........9,10

Travelers Ins. Co. v. Joachim, 315 S.W.
860, 862 (Tex. 2010)...........................5

Statutes and Rules

Tex. R. Civ. P. 166a(c)...................3,8,10

Tex. R. Civ. P. 166a(i)...................3,9,10

Tex. R. Evid. 201.............................2

## List of Parties and Counsel

Appellant is **Marcelo R. Montemayor**

> **Pro Se**
> **P.O. Box 831651**
> **San Antonio, Texas 78283**
> **Phone (210) 842-5043**
> **email:**
> **one-marcelo@juno.com**

Appellee is **GRACE CALENTINE,**

> **Represented by:**
> **Reed Greene**
> **26254 IH 10 West,**
> **Suite 135**
> **Boerne, TX 78006**
> **Ph. 210-826-1233**
> **Fax 210-826-4784**
> **Email:**
> **egreene2@satx.rr.com**

CASE NO. 04-15-00397-CV

_____

IN THE COURT OF APPEALS
FOR THE FOURTH SUPREME JUDICIAL DISTRICT
AT SAN ANTONIO, TEXAS

_____

MARCELO R. MONTEMAYOR,
APPELLANT

V.

GRACE CALENTINE,
AS A DEVISEE OF THE ESTATE OF
LUISA R. MONTEMAYOR, DECEASED,
APPELLEE

_____

APPEAL FROM THE PROBATE COURT NO. 2,
BEXAR COUNTY, TEXAS
TRIAL COURT NO. 2010-PC-3012
HONORABLE TOM RICKOFF, JUDGE PRESIDING

_____

APPELLANT'S BRIEF

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

**STATEMENT OF THE NATURE OF THE CASE**

Now comes ,MARCELO R. MONTEMAYOR, Devisee and

as prior Executor of the **ESTATE OF LUISA R.**

**MONTEMAYOR, NO. 2010-PC-3012** in the Probate Court NO. 2, the trial court below, and the Appellant herein, and respectfully submits his Brief in appeal from the Order Granting Summary Judgment and No-Evidence Summary Judgment.

## STATEMENT OF JURISDICTION

Appellant files this appeal pursuant to TRAP Rule 25 and 44. Appellant submits that he has complied with all conditions precedent to invoking the jurisdiction of the Fourth Court of Appeals.

## STATEMENT REGARDING THE RECORD

The Record consisting of the following: Clerk' s Record Vol. 1 of 1 (CR). It includes Court Reporter's Vol. 1, Transcript of hearing on Motion for Summary Judgment on May 7, 2015 (Trans. p 1-15). The Court should take judicial notice of all evidence and documents presented in appeal to this Court in Case No. 04-14-00391-CV, IN THE ESTATE OF LUISA R. MONTEMAYOR, Deceased-- Memorandum opinion. Tex. R. Evid. 201

2

## SUMMARY OF THE ARGUMENT

The trail court erroneously granted Appellee's traditional and no-evidence motion for summary judgment.

The no-evidence motion for summary judgment did not meet the specificity requirements of Tex. R. Civ. P. 166a(i); and that there was sufficient evidence to establish disputed issues of material fact and avoid summary judgment against Appellant.

The traditional motion for summary judgment did not establish, nor specify grounds or necessary facts to show that there are no genuine issue as to material fact that entitles her to judgment as a matter of law as required by the Tex. R. Civ. P. 166a(c).

## ISSUES AND ERRORS PRESENTED
## POINT OF ERROR NUMBER ONE

The Trial Court abused its discretion and erred in Granting Summary Judgment and No-Evidence Summary Judgment.

## STATEMENT OF THE FACTS AND PROCEDURAL BACKGROUND

This is an appeal by MARCELO R. MONTEMAYOR, Appellant, who was appointed Independent Executor of the ESTATE OF LUISA R. MONTEMAYOR, by order signed on November 1, 2010 (CR p 8) and served until April 14, 2014. (CR p 40)

For the period of November 1, 2010 until April, 14, 2014, your appellant was the duly appointed Independent Executor.

On December 6, 2010, as Executor and as per a sale of the real property, (as per the terms of the "Will of LUISA R. MONTEMAYOR") Appellant executed and signed an "Executor's Deed" to Marcelo R. Montemayor, individually. (CR p 25-27 and p 52-54)

The consideration for the sale of the real property was $50,000.00 "as is", which was available for distribution and are still in trust for payment to devisees. (CR p 48-54) (Trans p 13)

Three years after the appointment, On December 3, 2014, Appellee, individually and as devisee, (it is noted

4

that appellee is not the executor of the estate) filed a petition alleging a "claim for quiet title" and a "claim for slander of title". (CR p21-24)

On January 26, 2015, Appellant filed its demand for a jury trial and general denial; and further stated by way of affirmative (fair notice of counter-claim of ownership) defense that "act (*real estate sale*) of 'sell, mange, and dispose' was done under the power of the executor" (CR p 29-31)(see "Will" in case no. 04-14-00391-CV)( see Defendants' response to motion for summary judgment, CR p 43-77) The sale complied with the terms of the "Will".

On May 7, 2015, the Court, without hearing evidence, grants order for summary judgment and no evidence summary judgment voiding the said executor's deed.

## STANDARD OF REVIEW

In conducting a legal sufficiency of a summary judgment this Court should review the trial court's summary judgment de novo. Travelers Ins. Co. v. Joachim, 315 S.W. 3d 860, 862 (Tex. 2010) The Court should review the evidence presented in the motion and response in the light

5

most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party, disregarding contrary evidence (if any). Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding 289 S.W. 3d 844, 848 (Tex. 2009)

## **STATEMENT, ARGUMENT AND AUTHORITIES**
## **ISSUES AND ERRORS RESTATED**
## **POINT OF ERROE ONE**

The Trial Court abused its discretion and erred in Granting Summary Judgment and No-Evidence Summary Judgment.

Appellant in his answer to Appellee's petition filed a jury demand and general denial answer. (CR p29-30) In it he asserts: 1. an affirmative (claim of ownership) defense; 2. that the sale of the real estate here-in was an act of "sell, mange, and dispose" and was done under the power of the executor duly appointed; 3. that it was done according to the terms of the "Will". (CR p 29)(Response to motion and attached affidavits and exhibits CR p 43-77)

Appellant says that this pleading is fair notice that

he has a counter claim, in that the property was sold under the power and authority of the Luisa's will and appointment thereof by the probate court. (CR p 50-51,affidavit of Byron Barnett, Attorney at law)  This is fair notice that Appellant plead a counter claim of ownership to the property in question. Low v. Henry. 221 S.W.3d 609,612 (Tex. 2007)

This case has been at issue (value of real estate in question, it should be noted that the property was the community property of our parents Luisa and Miguel Montemayor, who died without a will Nov 20, 2004), since the death of Luisa R. Montemayor on August 29, 2008 (CR p 12-Proof of Death); thru the letter of April 30, 2010 where Appellee, Graciella Calentine, asserts her share of the estate is $10,600.00. (CR p 55) Up until December 6, 2010, when the real estate property is sold for $50,000.00 "as is", your Appellant asserts that each share of each devisee (heir of the estate) is worth $5,555.55. (CR p 48-49)(see defendants response to motion for summary judgment CR p 43-77)

In this appeal, this Court should review Appellee's traditional summary judgment and determine whether it has stated "specific grounds thereof" and that "there is no genuine issue as to any material fact..." Tex. R. Civ. Pro 166a(c). The general principle is "if the grounds for summary judgment are not expressly presented in motion for summary judgment itself, the motion is legally insufficient as matter of law." Rentfro v. Cavazos, No. 04-10-00617-CV, 2012 SL 566364 *5 (Tex. App.-San Antonio 2012, pet. den.) (mem. op), citing McConnell v. South Side Ind. Sch. Dist., 858 S.W.2nd 337, 342-3 (Tex. 1993)

Appellee did not state the grounds on which she is entitled to the judgment. "There is nothing onerous or unreasonable about requiring the movant to state the grounds upon which he (she) seeks to win a lawsuit without a trial." Rentfro, quoting Roberts v. Southwest Texas Methodist Hospital, 811 S.W. 2nd 141 (Tex. App.--San Antonio 1991, writ denied)

Appellee has not produce evidence and has not specified grounds for which she would be entitled to

8

summary judgment base on her claims of "quieting title and slander of title" to the real estate in question.

The Court should review the no evidence motion for summary judgment under Rule 166a(i). It states:

> **"The motion must state the elements (which she has not) as to which there is no evidence. The court must grant the motion unless the respondent (appellant) produces summary judgment evidence raising a genuine issue of material fact."**
>
> **"To defeat a motion made under paragraph (i), the respond is not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements."** Tex. R Civ. Pro 166a(i), and the Notes & Comments state:

In Texas Supreme Court case Southwest Electric Power Company v. Grant, the applicable law on summary judgment is as follows:

> **"To prevail on a traditional summary-judgment motion, a movant must show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). A movant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.** (citation omitted) **When reviewing a summary judgment, we take as true all evidence favorable to the**

> **nonmovant, and we indulge every reasonableinference and resolve any doubts in the nonmovant's favor.** (citation omitted)
>
> **"To prevail on a no-evidence summary-judgment motion, a movant must allege that there is no evidence of an essential element of the adverse party's claim. TEX.R. CIV. P. 166a(i). Although the nonmoving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. See TEX.R. CIV. P. 166a, notes and cmts.**

Southwest Electric Power Company v. Grant 73 S.W.3d 211, 216 (Tex. 2002)

The court must accept as true evidence favoring the respondent/non-movant (Appellant), indulging every reasonable inference and resolving all doubts in his favor. Park Place Hosp. v. Estate of Milo, 909 S.W. 2nd 508, 510 (Tex. 1995)

Appellant asserts that he has produced (in appellant's pleadings and jury demand; his response the motion for summary judgment and attached affidavits) the following facts which constitute genuine issues of material fact:

- whether the sale of the property was valid under the terms of the will of Luisa R. Montemayor;

10

- whether the $50,000.00 for the property was reasonable consideration;
- whether the validity of sale as stated, in the affidavit of Mr. Barnet, Attorney at law, who prepared the will in question; that the executor's deed of December 6, 2010 was executed within the terms--power and authority--of the Will, (CR p 50-51);
- affidavit of Appellant (CR p 48-49, 55) stated:
  - on April 30, 2010 (CR p 55) Appellee and other heirs demand $10,600.00 each as their share of the estate;
  - he was appointed Executor on November, 1, 2010;
  - he executed the deed in question on December 6, 2010 as sale of the property;
  - stated that the consideration for the sale was "as is" $50,000.00;
  - the value of the property was estimated by Mr. Mayo at $41,000; (CR p 56-77 exhibit attached to appellant's response to motion to summary judgment);
  - that each share of the estate is worth $5,555.00
  - that the $50,000.00 is available for distribution and that it is in a trust account,
  - that the response to motion for summary judgment raised issues of value of the real estate, value of each heirs share in the estate;
  - comparative market analysis prepared by John D. Mayo estimates value of real estate at $41,000.00, (CR p 56-77 exhibit attached to appellant response to motion to summary judgment).

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant, prays that the Court of Appeals reverse the Judgment of the trial court below granting judgment to Appellee;

11

that the case be returned to the trial court for a jury trial to determine appellant's counter-claim, the validity of the sale and executor's warranty deed, and the value of the property, and the value of the shares for each of the heirs of Luisa R. Montemayor.

Respectfully submitted,
/S/ _____
Marcelo R. Montemayor, Pro Se
Appellant and Attorney at Law
P.O. Box 831651
San Antonio, Texas 78283-1651
phone  (210) 842-5043
email: one-marcelo@juno.com

## Certification

I hereby certify that every factual statement in  this appeal is supported by competent evidence in the clerk's record and court reporters' transcript.

/S/_____
Marcelo R.Montemayor

## Certificate of Compliance

I hereby certify that this brief is in compliance with Texas Rule of Appellate Procedure Rule 9.  It contains 2,800 words, less than 20 pages, 14 point typeface.

/S/_____
Marcelo R.Montemayor

## CERTIFICATE OF  SERVICE

This is to certify that a true and correct copy of this document has been served on Reed Greene, Appellees Attorney at email egreene2@satx.rr.com  on this  September 15, 2015.

/s/_____
Marcelo R. Montemayor

13